**James JOHNSON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 84–1250.**

United States Court of Appeals, Eighth Circuit.

Submitted July 11, 1984.

Decided Oct. 30, 1984.

---

William C. Harbour, Bryant, Ark., for appellant.

Steve Clark, Atty. Gen., and Michael E. Wheeler, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

**1.** The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.

**2.** The Honorable Henry L. Jones, United States Magistrate, Eastern District of Arkansas.

## PER CURIAM.

James Johnson appeals from a denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 (1982). For reversal Johnson argues the district court [1] erred in accepting the Magistrate's [2] findings, after an evidentiary hearing, that his guilty plea was knowingly and voluntarily made and with effective assistance of counsel.[3] We affirm.

On May 11, 1979, Johnson entered a plea of guilty to first degree murder. He was represented by court-appointed counsel, who had met with him several times and conducted an independent investigation of the case. Counsel interviewed two witnesses who would have testified that they saw appellant shoot the victim, and two witnesses who placed appellant in the area of the shooting. Although the criminal information alleged that Johnson had committed two or more prior felonies, counsel determined that if the case went to trial, the prosecution would amend its information and prove four or more prior felonies, and that appellant had been represented by counsel at the time of each conviction. Johnson proposed the defense that he had been "hexed" or, in the alternative, that he was not at the scene of the crime.

Counsel advised Johnson that the prosecution had a strong case and that if he were convicted, he would receive a sentence of not less than fifty years nor more than life imprisonment in the Arkansas State Penitentiary and/or a possible fine of up to fifteen thousand dollars. Ark.Stat. Ann. §§ 41–1502 and 41–1001 (1977) (amended 1981). In the alternative, he could plead guilty and be sentenced to forty years imprisonment. Johnson chose the plea agreement. Upon arrival at the Arkansas State Penitentiary, he learned that, because he was classified a fourth offender, he was ineligible for parole. He ther-

**3.** Although appellant raised several issues before the Magistrate and raises two issues before this Court, we believe both issues may be condensed.

eafter brought this petition for habeas corpus.

 When a plea is challenged, the record must be examined to assure that the plea was entered voluntarily with sufficient awareness of the relevant circumstances and likely consequences and with the advice of competent counsel. *Williams v. State of Missouri,* 640 F.2d 140, 147 (8th Cir.1981). After reviewing the record, we find that, although the state trial judge might have interrogated appellant more thoroughly, the test enunciated in *Williams* was satisfied.

 Johnson also argues that he was inadequately informed or actually misinformed about parole eligibility. In *Pennington v. Housewright,* 666 F.2d 329, 332 n. 5 (8th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), we noted that the voluntariness of a guilty plea could be established more conclusively if the defendant was informed of his eligibility for parole. However, in *Hill v. Lockhart,* 731 F.2d 568, 570 (8th Cir.1984), *reh'g en banc granted,* No. 83–1397 (May 10, 1984), *aff'd by an equally divided court en banc,* No. 83–1397 (September 20, 1984), we noted that the failure of a trial judge to explain the details of parole eligibility is insufficient grounds for ruling that a guilty plea is involuntary. We need not consider whether a different situation arises where an attorney misrepresents parole eligibility to his client because we find no evidence contrary to the magistrate's finding that counsel did not promise petitioner that he would be paroled.

Therefore, because the reasoning and conclusions of the Magistrate, as adopted by the district court, are not clearly erroneous, we affirm. *See* 8th Cir.R. 14.