549 So.2d 568 (1989)
Jerome CULVER
v.
STATE.
4 Div. 917.
Court of Criminal Appeals of Alabama.
April 14, 1989.
On Return to Remand June 30, 1989.
Rehearing Denied August 25, 1989.
Thomas K. Brantley, Dothan, for appellant.
Don Siegelman, Atty. Gen., and Beth Jackson Hughes, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
Jerome Culver appeals from the denial of his A.R.Crim.P.Temp. 20 petition by the Circuit Court of Houston County, wherein he questions the legality of his prior conviction for violation of the Controlled Substances Act. He was charged with the offense of selling marijuana, and was represented by retained counsel. He entered a guilty plea, pursuant to a plea bargain agreement in which the district attorney agreed to, and did, recommend a ten-year sentence to the trial court. Culver was adjudged guilty and was sentenced to ten years in prison. Thereafter, he learned that his trial counsel had misinformed him about his eligibility for the Supervised Intensive Restitution (hereinafter "SIR") program. "[N]o inmate who has ever been convicted of ... selling or trafficking in controlled substances ... shall be eligible for such inmate community reintegration under the supervised intensive restitution program." Ala.Code (1975), § 15-18-113. Because of his counsel's action in this regard, he filed this Rule 20 petition, alleging ineffective assistance of counsel. After a hearing on the petition, it was denied. Culver *569 appeals. On appeal, he contends that but for the erroneous advice of his counsel, which he says led him to believe that he would be eligible for the SIR program, he would not have pleaded guilty. He requests that he be allowed to withdraw his guilty plea, enter a not guilty plea, and be tried on the merits.
When an evidentiary hearing is held on a Rule 20 petition, "[t]he court shall make specific findings of fact relating to each material issue of fact presented." A.R. Crim.P.Temp. 20.9(d). We have reviewed the record before us and we find that it does not contain findings of fact as required by Rule 20.9(d). Therefore, this cause is due to be, and it is hereby, remanded to the circuit court with instructions to include its findings upon return to remand.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this case to the trial court on April 14, 1989, with instructions to make specific findings of fact, pursuant to A.R. Crim.P.Temp. 20.9(d),[1] and file such findings with this court. The trial court having filed a return to remand, we now address the issue raised by appellant on appeal.
On October 20, 1986, appellant, Jerome Culver, as a result of a plea bargain agreement, pleaded guilty to selling marijuana, a controlled substance, and was sentenced to ten years' imprisonment. He was represented at the time by retained counsel. On March 10, 1987, he filed a pro se petition for writ of error coram nobis, alleging ineffective assistance of counsel and the prosecution's failure to disclose the evidence against him during the guilty plea proceedings. His allegations of ineffective assistance of counsel were conclusory only, containing no factual assertions. Counsel was appointed to represent appellant in the coram nobis proceedings and, after an evidentiary hearing, the petition was denied. Culver appeals, raising one issue.
He contends that he received ineffective assistance of counsel that rendered his guilty plea unknowing and involuntary because his attorney at the time had misinformed him about the eligibility requirements of the Supervised Intensive Restitution (hereinafter "SIR") program. He argues that the record makes it clear that the incorrect information furnished by his attorney regarding his eligibility to participate in the SIR program was the sole factor that induced him to plead guilty. Our review of the record does not lead us to the same conclusion.
The record reveals that appellant's counsel never told him definitely that he would be placed on the SIR program; rather, counsel informed Culver about the program, and stated that he might be eligible for the program. Counsel's advice was erroneous to the extent that he advised appellant that he might be eligible when, in fact, he was ineligible for the program because of the drug conviction. Ala.Code (1975), § 15-18-113. The record in this regard reflects the following:
"Q. [Appellant's counsel]: What conversations, if any, did you have with Gene [defense counsel during the guilty plea proceedings] regarding the SIR program?
"A. [Appellant]: Well, he told me that, you know, he had another defendant had a prior case to mine, you know, and I might stand a chance of getting it if I cop out, you know.
"Q. Okay. What effect did Mr. Spencer telling you about the SIR program have in your decision to accept the ten-year plea arrangement?
"A. Well, he said if I get the SIR program, if I cop out, I could get out within a ninety-day period of time.
"Q. Okay. Did Gene tell you thatdid that play a big part or a small part in you deciding to cop the plea?
*570 "A. Well, I wasI was going by what he said. I was hoping that I would get out in ninety days, you know, if I copped out, you know.
"Q. So would it be fair to say that it was a major factor?
"A. Yes, sir.
"Q. If you had notif you had not been led to believe that you would be eligible for the SIR program, would you have pled guilty?
"A. No, sir.
"Q. Okay. When did you find out that, in fact, that you would not be eligible for the SIR program?
"A. When they sent me to prison, you know....
"....
"Q. [Prosecutor on cross-examination]: Tell us how that SIR program influenced your decision to plead guilty?
"A. [Appellant]: Well, I thought I was going to get out in ninety days if I copped out. That I could get out on ninety days on the SIR program.
"Q. So that's why you pleaded guilty to ten years in the penitentiary?
"A. Not only that because my lawyer, sir, that Ihe said that I could get the SIR program if I copped out.
"Q. He didn't say you could get it? He said you might get it? Isn't that what he said?
"A. He said I mighthe said I might be qualified to get it. I might stand a chance of getting it, you know.
"Q. He didn't guarantee you, though, did he?
"A. I can't saycan't recall to my knowledge, you know. I remember him saying that, you know, Iif I cop out that I might can get the SIR program. Like the other offender, he said, had the same case that I had.
"....
"Q. [Appellant's counsel]: After you and Jerome had the discussion that it would be in his best interest to plead and you stated before that you talked about many different options, the good things and the bad things that will happen when you go to court or when you don't go to court, did you specificallywhat specifically did you tell him about the SIR program?
"A. [Appellant's attorney at the guilty plea proceedings]: I explained how it worked to the best of my knowledge. I explained that eligibility for ityou became eligible for it withinin ninety days, and parts like thatyou know, I consciously I didn't emphasize them, but obviously from what I have heard here today, they were emphasized. But I explained how in ninety days you would be eligible for it. They are looking for people who work, who have guaranteed jobs, who have someone to sponsor them outside, and how, based on all those things, Mr. Culver would be a prime candidate, which he was because, you know, he had a great work record. He had a wife to sponsor him, and, you know, he had a place to go and everything like that.
"Q. And unfortunately, even though you did not mean to, unfortunately, the information that you gave him regarding his ability to be in the SIR program was in error?
"A. It was totally erroneous based on that new part that they added regarding drugs, you know, along with the other crimes that were ineligible.
"....
"Q. You never, again, guaranteed him that he would get on the SIR program, did you?
"A. No. I don't make any guarantees.
"Q. And did you express to him that he would be taking a risk if he pleaded guilty that he would not get on the SIR program? Did you explain that to him in one way or another?
"A. I explained all of the risks if we went to trial, if we didn't go to trial, if we entered a plea. I explained all the benefits and all the risks."
While we are not now concerned with the sufficiency of appellant's allegations in his petition for writ of error coram nobis, it is interesting to note that they were general in nature and contained no facts to support a claim of ineffective assistance of counsel.
*571 No special circumstances were alleged that might support the conclusion that appellant placed any particular emphasis on eligibility for the SIR program in deciding whether to plead guilty. The failure of appellant to mention the erroneous advice given by his attorney in reference to the SIR program, and his reliance thereon in his petition, a matter now of such great importance to him, casts doubt upon his testimony, and indicates the possibility that his contention that the erroneous advice motivated the guilty plea was conceived after the petition was filed and during preparation for the coram nobis hearing.
Another fact discrediting him is that appellant's allegation, in his petition, that he was not given an opportunity to hear the evidence against him is untrue. A preliminary hearing was held, and all the evidence possessed by the state was disclosed to appellant, prior to his pleading guilty, including a tape recording of the drug transaction itself. Even the name of the government informer was known to him and the informer had been subpoenaed for the trial.
Except for the erroneous advice concerning appellant's possible eligibility for the SIR program, the record supports the conclusion that appellant's counsel performed in a thoroughly competent manner and was prepared for trial. Appellant is no novice to the criminal justice system and, indeed, has been engaged in plea bargaining before. The record reflects that trial counsel thoroughly discussed all the probabilities and risks with appellant prior to his pleading guilty, without making him any guarantees, which is commendable. Our study of the record leads us to the conclusions that appellant's contention that his guilty plea was unknowing and involuntary because of ineffective assistance of counsel is grounded on nothing more than a discussion of probabilities with his attorney and that his claim developed since his petition was filed.
The mere hope, subjective belief, or expectation of a defendant regarding length of sentence, parole, conditions of confinement, and other similar matters which are not based upon a promise by the state are insufficient to warrant the withdrawal of a guilty plea as unknowingly or involuntarily made. Clemmons v. United States, 721 F.2d 235 (8th Cir.1983); State v. Holman, 486 So.2d 500 (Ala. 1986); Tiner v. State, 421 So.2d 1369 (Ala.Cr.App. 1982). The same is true where the defendant claims that his hope and expectation is based upon consultation with his counsel. Norman v. McCotter, 765 F.2d 504 (5th Cir.1985); Johnson v. Lockhart, 746 F.2d 1367 (8th Cir.1984) (wherein the defendant was not allowed to withdraw guilty plea even though his counsel misinformed him about his parole eligibility, when there was no evidence that counsel promised defendant that he would be paroled); Greathouse v. United States, 548 F.2d 225 (8th Cir.1977), cert. denied, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977) (wherein the defendant was not allowed to withdraw his guilty plea even though his counsel incorrectly informed him that, if he pleaded guilty, the federal court could order his state and federal sentences to run concurrently).
The instant record reveals that appellant's counsel never promised or assured him that he would be placed in the SIR program; in fact, he never promised him that he was even eligible for the program. Appellant's own testimony reveals that his counsel told him that he "might stand a chance of getting it if" he pleaded guilty. His testimony also reveals that his expectation of being placed on the SIR program was based merely on hope, for he testified that the attorney "said if I get the SIR program" and that "I was hoping that I would get out within a ninety-day period." Clearly, appellant's belief that he would be placed in the program and be out of prison in 90 days was merely a subjective one and, at most, counsel's communication, albeit an erroneous one, only resulted in appellant's harboring a hope that such would occur.
Even though appellant contends that his belief concerning the SIR program was the reason he pleaded guilty, we are not convinced, nor do we believe the record would support, a finding that but for the erroneous communication there is a reasonable probability that he would have pleaded not guilty and insisted on going to trial.
*572 A claim of ineffective assistance of counsel requiring a reversal of a conviction requires proof (a) that the appellant's counsel's performance was deficient, by showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the appellant by the Sixth Amendment, and (b) that this deficient performance prejudiced the appellant by showing that counsel's errors were so serious as to deprive the appellant of a fair trial, a trial whose result is reliable. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Dill v. State, 484 So.2d 491 (Ala.Cr.App.1986). In carrying the burden of establishing prejudice, the appellant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington. When an appellant's claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant's establishing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
Appellant did not decide to plead guilty until the day of trial, and not until he had observed other trials and proceedings involving drug cases similar to his own, and particularly the sentences imposed in those cases. In our view, after considering all the evidence in this case, appellant's subjective belief that he would be eligible for the SIR program if he pleaded guilty was not really a substantial motivating factor in the making of his decision. Rather, the record supports the conclusion that appellant was motivated to plead guilty to avoid a harsher sentence. He had two prior felony convictions. It is highly unlikely that appellant's attorney would have changed his recommendation had he known that appellant was not eligible for the program, nor is it likely that appellant would have changed his mind had he known. From the record, the trial court could reasonably conclude that appellant failed to establish that counsel's erroneous communication caused him to plead guilty. Thus, he has failed to satisfy the prejudice requirement of Strickland v. Washington and Hill v. Lockhart. On this record, we must agree. We cannot say that the trial court's denial of the petition was clearly erroneous. The judgment of the trial court is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.
NOTES
[1] Although this case was filed as a petition for writ of error coram nobis, we have treated it as a Rule 20 petition.