Kendrick Fearson appeals from his convictions for unlawfully breaking and entering a vehicle (four counts) and for first degree robbery, entered on his pleas of guilty. He was sentenced to 5 years' imprisonment for each conviction for unlawfully breaking and entering a vehicle and to 13 years' imprisonment for the robbery conviction, all sentences to run concurrently.
Fearson asserts on appeal that his pleas were not intelligent, knowing, and voluntary because, he says, neither his attorney nor the trial court advised him that, because first degree robbery is a Class A felony, he would be ineligible to earn correctional incentive time ("CIT") under Code of Alabama 1975, § 14-9-41(e). Fearson presented this issue in a motion to withdraw his guilty pleas, which was denied by operation of law. This issue does not involve any misrepresentation or erroneous advice allegedly inducing the defendant into pleading guilty.
"An accused is entitled to information concerning the direct consequences of his plea. He is not entitled to information concerning all collateral effects, or future contingencies that might arise." Minnifield v. State, 439 So.2d 190, 192
(Ala.Cr.App. 1983). We do not consider that ineligibility to earn CIT is a direct consequence of a guilty plea as to which a defendant must be advised before entering a plea. See Johnsonv. Puckett, 930 F.2d 445, 448 n. 2 (5th Cir.), cert. denied,502 U.S. 890, 112 S.Ct. 252, 116 L.Ed.2d 206 (1991) (the court noted that the effect of a defendant's guilty plea on good time credits is a collateral consequence of which the defendant need not be advised); Johnson v. Dees, 581 F.2d 1166, 1167 (5th Cir. 1978) (the court held that the trial court's failure to inform the defendant that he could be denied good time credits as a serious multiple offender did not preclude the entry of a voluntary and intelligent plea because such matter is a collateral consequence).
 "The mere hope, subjective belief, or expectation of a defendant regarding length of sentence, parole, conditions of confinement, and other similar matters which are not based upon a promise by the state are insufficient to warrant the State v. Holman, 486 So.2d 500 (Ala. 1986); Tiner v. State, 421 So.2d 1369 (Ala.Cr.App. 1982). The same is true where the defendant claims that his hope and expectation is based upon consultation with his counsel. Norman v. McCotter, 765 F.2d 504
(5th Cir. 1985); Johnson v. Lockhart, 746 F.2d 1367 (8th Cir. 1984) (wherein the defendant was not allowed to withdraw guilty plea even though his counsel misinformed him about his parole eligibility, when there was no evidence that counsel promised defendant that he would be paroled); Greathouse v. United States, 548 F.2d 225
(8th Cir. 1977), cert. denied, 434 U.S. 838, 98 S.Ct. 130, 54 L.Ed.2d 100 (1977) (wherein the defendant was not allowed to withdraw his guilty plea even though his counsel incorrectly informed him that, if he pleaded guilty, the federal court could order his state and federal sentences to run concurrently)."
Culver v. State, 549 So.2d 568, 571 (Ala.Cr.App. 1989). See alsoOyekoya v. State, 558 So.2d 990, 990 (Ala.Cr.App. 1989) (quotingUnited States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985)) ("counsel's failure to advise the defendant of the collateral consequences of a guilty plea . . . cannot rise to the level of constitutionally ineffective assistance").
We also find to be without merit Fearson's contention that the trial court erroneously denied his motion to withdraw his pleas without a hearing. Even assuming the allegations of Fearson's motion to be true, they would not warrant relief. Thus, no hearing was required.
Accordingly, the judgments are affirmed.
AFFIRMED.
All Judges concur. *Page 1227