The State appeals from the trial court's order granting a motion to dismiss the indictment against Breland Van Wooten.
The State argues that the trial court erroneously granted Wooten's motion to dismiss an indictment charging him with the offense of disseminating obscene materials, a violation of §13A-12-191, Ala. Code 1975. Specifically, it contends that Wooten did not establish that he was denied his right to a speedy trial because he failed to show any undue prejudice as a result of a 29-month delay, between the indictment and the hearing on his speedy-trial motion.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct 2182,33 L.Ed.2d 101 (1972), the United States Supreme Court set forth the following factors that must be weighed when reviewing a speedy-trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to a speedy trial; and (4) the *Page 1178 
degree of prejudice the accused suffered because of the delay. InEx parte Walker, 928 So.2d 259 (Ala. 2005), the Alabama Supreme Court provided guidance as to the proper application of those factors.
Regarding the length of delay in this case, the record reveals that approximately 29 months elapsed between the date of the indictment and the date of the hearing on Wooten's speedy-trial motion. See Ex parte Walker, supra at 264; Robersonv. State, 864 So.2d 379, 394 (Ala.Crim.App. 2002) ("The length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant — whichever is earlier — to the date of the trial"). Because the length of delay in this case has been held to be presumptively prejudicial, we examine the remaining Barker factors. See Walker, supra, and the cases cited therein;Mansel v. State, 716 So.2d 234, 236 (Ala.Crim.App. 1997) (26-month delay was presumptively prejudicial). See alsoCampbell v. State, 709 So.2d 1329, 1334
(Ala.Crim.App. 1997) (26-month delay was not presumptively prejudicial). Cf. Doggett v. United States,505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), citing 2 W. LaFave and J. Israel, Criminal Procedure § 18.2, p. 405 (1984) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay `presumptively prejudicial' at least as it approaches one year.").
Regarding the reason for delay, the State acknowledges that it has the burden of justifying the delay. The Barker
analysis recognizes three categories of delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. Deliberate delay is "weighted heavily against the government" and includes an "attempt to delay the trial in order to hamper the defense,"407 U.S. at 531, 92 S.Ct. 2182, or "`to gain some tactical advantage over (defendants) or to harass them.'" 407 U.S. at 531
n. 32, 92 S.Ct. 2182, quoting United States v. Marion,404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Negligent delay is weighted less heavily against the State than is deliberate delay. 407 U.S. at 531, 92 S.Ct. 2182. Justified delay — which includes such occurrences as missing witnesses or delay for which the defendant is primarily responsible — is not weighted against the State. Id.
The record indicates the delay in this case is justified and, at worst, negligent. The State presented evidence at the hearing indicating that it had attempted to deliver the indictment and warrant to Wooten, but that he had changed addresses and otherwise avoided service. Although Wooten testified that he had two contacts with law-enforcement officials after the indictment was returned and before he turned himself in, and that the police made no attempt to arrest him, that evidence was directly refuted by the arresting officer's testimony. The arresting officer testified that police officials had, in fact, placed the information regarding the original indictment on the National Crime Information Center computer database, in an attempt to improve their chances of locating Wooten because "some of the other sheriffs departments lose our indictments." Additionally, evidence was presented that Wooten had been living in Florida for 14 months of the 29-month period.
The record indicates that the trial court found evidence of negligence on the part of the State in not serving the indictment on Wooten. We are cognizant, however, that the precise weight afforded the delay and its effect on Wooten are dependent upon the prejudice to Wooten caused by the delay.
With regard to Wooten's assertion of his right to a speedy trial, the record indicates *Page 1179 
that he filed his motion on August 11, 2005, although according to his own testimony, he became aware of the indictment in April 2005, approximately 24 months after the indictment was returned. See Benefield v. State, 726 So.2d 286, 291
(Ala.Crim.App. 1997), quoting Archer v. State, 643 So.2d 597,599 (Ala.Crim.App. 1991), quoting in turn Lewis v. State,469 So.2d 1291, 1294 (Ala.Crim.App. 1984) ("`The fact that the appellant did not assert his right to a speedy trial sooner "tends to suggest that he either acquiesced in the delays or suffered only minimal prejudice prior to that date."'"). The record does not indicate that the trial court found that this factor weighed against the State or in Wooten's favor. The record does indicate that police officers tried to serve the warrant on a known address. When Wooten moved out of the county, the information was submitted to the National Crime Information Center, rather than sent to the sheriffs department in another' county where it was believed that Wooten had established a residence. Additionally, the State presented evidence indicating that Wooten was residing in Florida for approximately 14 of the 29 months.
With regard to a prejudice claim, the United States Supreme Court has recognized three types of prejudice associated with a denial of a speedy trial: "`oppressive pretrial incarceration,' `anxiety and concern of the accused,' and `the possibility that the [accused's] defense will be impaired' by dimming memories and loss of exculpatory evidence." Doggett, 505 U.S. at 654,112 S.Ct. 2686.
Here, there was no oppressive pretrial incarceration. Additionally, although Wooten testified at trial, he did not present any evidence indicating that he suffered any anxiety or concern over the delay. Wooten claimed, however, that the 29-month delay caused him to suffer an impairment of his defense, by preventing him from calling witnesses to testify in his behalf. When the trial court inquired as to any proof of prejudice, Wooten testified that he "vaguely" recalled the events "that happened or allegedly happened." When defense counsel asked him if he knew "the names, addresses or anything that if you needed those people to come and testify that you would be able to get in contact with them"; Wooten replied, "No." On cross-examination, however, Wooten conceded that he had not tried to contact "those people" that might be needed at his trial. Additionally, he testified that "most" of the witnesses he thought he might need were "friends of [his] brother," and he had not tried in any way to locate them.
Although our Supreme Court in Walker noted that "[p]retrial delay certainly may be so lengthy as to relieve the accused of demonstrating actual prejudice," 928 So.2d at 277, that Court did not hold that a lengthy delay automatically relieved the accused of proving prejudice. In rejecting Walker's argument that a 50-month delay caused by the State's negligence in her case relieved her of the burden of establishing prejudice, the Court held that Walker had failed to prove prejudice because she had presented no evidence showing that she was unaware of the charges against her during that 50-month delay between the issuance of the indictment in her case and her arrest. Additionally, the Walker Court found that there was no indication from the record that either the State's negligence or the resulting length of the delay adversely affected the evidence so as to undermine the fairness of a trial.
Here, Wooten failed to prove that he was actually prejudiced by the delay. Although he contends that he was unaware of the indictment returned against him for a period of approximately 24 months, he *Page 1180 
failed to present any evidence indicating that the delay on the part of the State, be it justified or negligent, would undermine the fairness of his trial. Here, based on the authority of Exparte Walker, supra, the trial court erred in dismissing the indictment on the basis that Wooten had been denied his right to a speedy trial. Although the trial court found, at the conclusion of the hearing, that the State had not made "sufficient effort to try to serve that indictment on [Wooten]," Wooten failed to prove actual prejudice as a result of the delay. Again, in considering the balancing of the Barker factors, the precise weight and effect to be accorded the delay is dependant upon any prejudice suffered by Wooten.
Because Wooten failed to show any prejudice, the judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.