On Rehearing Ex Mero Motu

LYONS, Justice.
Jimmy Davis, Jr., was convicted in 1993 of capital murder and was sentenced to death. After two remands to the trial court by the Court of Criminal Appeals,[1] the Court of Criminal Appeals affirmed his conviction and sentence. Davis v. State, 718 So.2d 1148, 1153 (Ala.Crim.App.1995) (opinion on return to second remand). This Court affirmed the judgment of the Court of Criminal Appeals, and the United States Supreme Court denied certiorari review. Ex parte Davis, 718 So.2d 1166 (Ala.1998), cert. denied, 525 U.S. 1179, 119 S.Ct. 1117, 143 L.Ed.2d 112 (1999).
Davis filed a Rule 32, Ala. R.Crim. P., petition on January 20, 2000, alleging, among other things, ineffective assistance of counsel. The State did not raise in the trial court defenses to Davis’s ineffective-assistance-of-counsel claims based on Rule 32.2(a), Ala. R.Crim. P., which establishes grounds for the preclusion of claims for postconviction relief. The trial court’s order denying Davis’s Rule 32 petition included determinations on the merits adverse to Davis on each of his ineffeetive-assistance-of-counsel claims. Davis appealed the trial court’s denial to the Court of Criminal Appeals; that court held, sua sponte, that Davis’s ineffective-assistance-of-counsel claims were proeedurally barred by Rule 32.2(a)(3) and 32.2(a)(5), i.e., that they could have been raised at trial or on appeal but were not. Davis v. State, 9 So.3d 514 (Ala.Crim.App.2006). This Court denied Davis’s petition for certiorari on February 16, 2007. Ex parie Davis (No. 1051719).
On May 4, 2007, this Court released its opinion in Ex parie Clemons, [Ms. 1041915, May 4, 2007] — So.3d-(Ala. 2007). In Ex parte Clemons, this Court held that the procedural bars to postcon-viction relief contained in Rule 32.2(a), Ala. R.Crim. P., were not jurisdictional and therefore could be waived, abrogating the Court of Criminal Appeals’ holding in this case. On the same day it released its decision in Ex parte Clemons, this Court withdrew the certificate of judgment it had issued in Ex parie Davis, placed Ex parie Davis on rehearing ex mero motu, and granted Davis’s petition for a writ of cer-tiorari limited solely to the issue whether the rule announced in Ex parie Clemons, dealing with waiver of grounds of preclusion, requires the reversal of the Court of Criminal Appeals’ judgment in Davis’s appeal from his Rule 32 petition.
The State now concedes that Ex parte Clemons requires reversal of the Court of Criminal Appeals’ judgment in this case and urges this Court to remand the case to the Court of Criminal Appeals for the limited purpose of reviewing the merits of the ineffective-assistance-of-counsel claims raised in Davis’s appeal to that court.[2] *539 Davis opposes the State’s view of the appropriate further proceedings and argues that the Court of Criminal Appeals has already addressed the merits of his claims. Davis points to dictum in the affirmance by the Court of Criminal Appeals of the trial court’s judgment denying his Rule 32 petition as to one of Davis’s ineffective-assistance-of-counsel claims. The court stated:
“Davis’s most troubling claim is that counsel failed to investigate and present mitigation evidence at the penalty phase. The evidence Davis alleges should have been discovered and presented is powerful. Had this issue not been procedurally barred, we would be compelled to grant relief and order a new sentencing hearing.”
9 So.3d at 522 (emphasis added). Davis urges that this Court either (a) address all of his claims on their merits and reverse the judgment of the Court of Criminal Appeals and order that comb to remand the case for a new trial, or (b) remand the case with instructions to the Court of Criminal Appeals to grant relief on Davis’s claim that counsel rendered ineffective assistance at the penalty phase of his trial, the issue addressed by the Court of Criminal Appeals in dictum, and to consider the merits of Davis’s claims that his counsel rendered ineffective assistance at the guilt phase of his trial.
We agree with the State that these alternatives should be rejected. We decline to address issues not previously considered on the merits by the Court of Criminal Appeals, nor are we disposed to direct that court to embrace previous dictum as to Davis’s claim regarding ineffective assistance of counsel at the penalty phase.
We reverse the judgment of the Court of Criminal Appeals and remand the case for that court to consider all Davis’s ineffective-assistance-of-counsel claims on their merits.
REVERSED AND REMANDED.
SEE, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
STUART, J., concurs specially.
COBB, C.J., recuses herself.

. See Davis v. State, 718 So.2d 1148 (Ala.Crim.App.1995), 718 So.2d at 1152 (July 3, 1996, opinion on return to remand), and 718 So.2d at 1153 (March 21, 1997, opinion on return to second remand).

. Although this Court recognized in Ex parte Clemons that extraordinary circumstances could permit the sua sponte invocation of procedural bars by an appellate court, the State expressly disavows the presence of any such circumstances in this proceeding.