WELCH, Presiding Judge.
John Charles Yocum appeals from the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition seeking postconviction relief from his May 12, 2010, conviction for first-degree theft of property, a violation of § 13A-8-3, Ala. Code 1975. Yocum pleaded guilty to the offense and was sentenced to 20 years’ imprisonment. He did not appeal.
After the circuit court granted Yocum’s in forma pauperis application,[1] Yocum, act- *221 mg pro se, timely filed the instant petition, his first, on March 15, 2011.
Yocum filed the standard form appended to Rule 32, checking the following paragraphs of the standard form: 12A(1) (asserting that the guilty plea was not entered into voluntarily); 12A(9) (asserting ineffective assistance of counsel); and 12F (asserting entitlement to an out-of-time appeal).
Pursuant to instructions on the face of the Rule 32 form, Yocum attached a supplement to the petition setting out the details of his claims. In his supplement to the petition, Yocum asserted that his trial counsel was ineffective because, before advising Yocum to plead guilty, counsel had not filed motion to dismiss the indictment on the ground that Yocum’s right to a speedy trial had been violated. Yocum did not provide factual support in the supplement for his out-of-time-appeal claim.
The State filed a motion to dismiss, asserting that the claims in Yocum’s Rule 32 petition lacked specificity, that they were not meritorious, and that they were precluded under Rule 32.2(a)(3) because the claims could have been, but were not, raised at trial.
The circuit court issued an order dismissing the petition and stating that the petition lacked specificity, that Yocum’s claim of ineffective assistance of counsel based on defense counsel’s failure to file a speedy-trial motion was insufficiently pleaded, and that his claims were precluded under Rule 32.2(a)(3) and 32.2(a)(5).
On appeal, Yocum reiterates the ineffective-assistance-of-counsel claim raised in his petition and argues that he alleged sufficient facts in his petition to warrant an evidentiary hearing. Yocum did not pursue his claim regarding an out-of-time appeal in his brief on appeal. Therefore, this claim is deemed abandoned, and we will not consider it. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (“We will not review issues not listed and argued in brief.”).
In his petition Yocum pleaded the following facts. Yocum was arrested for the underlying first-degree-theft charge on May 26, 2006, and was indicted on August 18, 2006. At the time of his arrest for this offense, Yocum was serving a one-year probationary period on a federal sentence, and he was also on parole from a sentence of life imprisonment imposed by an Alabama state court. Because of his arrest for theft, his federal probation was revoked, and he served seven to eight months in federal prison completing that sentence. When he was released from federal prison, he was picked up by Alabama authorities who revoked his parole in the Alabama case, and he was incarcerated in Alabama. Yocum explained in his motion for an evidentiary hearing that in December 2008, because he had no outstanding warrants or detainers, the Alabama Department of Corrections reinstated his parole. He asserted that from that time until August 13, 2009, the date he was re-arrested on the instant theft charge, he reported to his parole officer, received Social Security, and attended church. His parole was not revoked after he made bond on the theft charge. On February 17, 2010, he pleaded guilty to the instant *222 theft charge on advice of counsel. He was subsequently sentenced and denied probation on May 12, 2010, and began to serve his sentence.
Defense counsel did not investigate the speedy-trial issue. Before he was re-arrested on the theft charge, Yocum did not know that the theft charge was being prosecuted. The Department of Corrections would not initially place him on work release. The State did not enter the theft charge in the National Crime Information Center database. Because of the delay in the trial on the theft charge, Yocum lost the possibility to serve his sentence in the theft case concurrently with the sentence in his previous case, and his classification status was affected. Because three years had passed, Yocum could no longer remember the name of a witness who, Yo-cum says, knew that the money allegedly stolen by Yocum was Yocum’s own money.
Yocum claimed that his counsel did not investigate the reasons for the delay in bringing him to trial and that he suffered prejudice because, had counsel filed a speedy-trial motion, it would have been granted, and the theft charge would have been dismissed.
To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove (1) that counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
“When an appellant’s claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant’s establishing ‘that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’ ” Culver v. State, 549 So.2d 568, 572 (Ala.Crim.App.1989), quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Yocum argued that counsel was ineffective for failing to raise a speedy-trial claim and that had counsel raised the speedy trial claim the charge against him would have been dismissed before he pleaded guilty. This sufficiently alleges that he was prejudiced by counsel’s failure to raise the claim. The United States Supreme Court has held that if a claimant establishes a violation of the right to a speedy trial the only available remedy is dismissal. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In order to determine if Yocum sufficiently pleaded facts entitling him to an evidentiary hearing on his Rule 32 petition we must examine the facts as pleaded, consider the facts necessary to establish a speedy-trial violation, and determine if an evidentiary hearing was warranted.
In determining whether a defendant has been denied his constitutional right to a speedy trial, the following four factors are considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant. See Barker, supra.
In Ex parte Walker, 928 So.2d 259, 263 (Ala.2005), the Alabama Supreme Court stated:
“ ‘A single factor is not necessarily determinative, because this is a “balancing test, in which the conduct of both the prosecution and the defense are weighed.” ’ Ex parte Clopton, 656 So.2d [1243] at 1245 [ (Ala.1985) ] (quoting Barker, 407 U.S. at 530). We examine each factor in turn.”
*223 A. Length of the delay.
Yocum alleged that he was arrested on May 26, 2006, for first-degree theft; he pleaded guilty on February 17, 2010. The delay in this case was approximately 45 months.
“In Doggett v. United States, the United States Supreme Court explained that the first factor — length of delay — ‘is actually a double enquiry.’ 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The first inquiry under this factor is whether the length of the delay is ‘ “presumptively prejudicial.” ’ 505 U.S. at 652, 112 S.Ct. 2686 (quoting Barker, 407 U.S. at 580-31, 92 S.Ct. 2182). A finding that the length of delay is presumptively prejudicial ‘triggers’ an examination of the remaining three Barker factors. 505 U.S. at 652 n. 1, 112 S.Ct. 2686 (‘[A]s the term is used in this threshold context, “presumptive prejudice” does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry.’). See also, Roberson v. State, 864 So.2d 379, 394 (Ala.Crim.App.2002).
“In Alabama, ‘[t]he length of delay is measured from the date of the indictment or the date of the issuance of an arrest warrant — whichever is earlier — to the date of the trial.’ Roberson, 864 So.2d at 394. Cf. § 15-3-7, Ala.Code 1975 (‘A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender.’); Rule 2.1, Ala. R.Crim. P. (‘All criminal proceedings shall be commenced either by indictment or by complaint.’).”
Ex parte Walker, 928 So.2d at 263-64 (footnote omitted).
It is well settled that this Court has found delays substantially less than the 45-month delay here to be presumptively prejudicial requiring examination of the remaining Barker criteria. See Mansel v. State, 716 So.2d 234, 236 (Ala.Crim.App.1997); see also State v. Van Wooten, 952 So.2d 1176 (Ala.Crim.App.2006) (29-month delay held to be presumptively prejudicial); State v. Stovall, 947 So.2d 1149 (Ala.Crim.App.2006) (41-month delay held to be presumptively prejudicial); Vincent v. State, 607 So.2d 1290 (Ala.Crim.App.1992) (31-month delay held to be presumptively prejudicial). Cf. State v. Johnson, 900 So.2d 482 (Ala.Crim.App.2004) (28-month delay held not to be presumptively prejudicial); Payne v. State, 683 So.2d 440 (Ala.Crim.App.1995) (25-month delay held not to be presumptively prejudicial). We hold that the 45-month delay here was presumptively prejudicial.
B. Reasons for delay.
In Ex parte Walker, 928 So.2d 259 (Ala.2005), the Alabama Supreme Court stated:
“The State has the burden of justifying the delay. See Barker, 407 U.S. at 531; Steeley v. City of Gadsden, 533 So.2d 671, 680 (Ala.Crim.App.1988). Barker recognizes three categories of reasons for delay: (1) deliberate delay, (2) negligent delay, and (3) justified delay. 407 U.S. at 531. Courts assign different weight to different reasons for delay. Deliberate delay is ‘weighted heavily’ against the State. 407 U.S. at 531. Deliberate delay includes an ‘attempt to delay the trial in order to hamper the defense’ or ‘ “to gain some tactical advantage over (defendants) or to harass them.” ’ 407 U.S. at 531 & n. 32 (quoting United States v. Marion, 404 U.S. 307, 325, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Negligent delay is weighted less heavily against the State than is deliberate delay. Barker, 407 *224 U.S. at 531; Ex parte Carrell, 565 So.2d [104,] 108 [ (Ala.1990) ]. Justified delay — which includes such occurrences as missing witnesses or delay for which the defendant is primarily responsible — is not weighted against the State. Barker, 407 U.S. at 531; Zumbado v. State, 615 So.2d 1223, 1234 (Ala.Crim.App.1993) (‘ “Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test of Barker.” ’) (quoting McCallum v. State, 407 So.2d 865, 868 (Ala.Crim.App.1981)).”
Ex parte Walker, 928 So.2d at 265.
In State v. Jones, 35 So.3d 644 (Ala.Crim.App.2009), this Court explained:
“ ‘Some of the delay in this case was caused by neutral reasons that are not attributable to either the State or the appellant. The investigation was completed, forensic analysis was performed, psychological testing was done, discovery was conducted, and numerous evi-dentiary matters were resolved. Neutral reasons for delay do not ordinarily require a dismissal of the case based on a violation of the right to a speedy trial. See, Pierson v. State, 677 So.2d 830, 831 (Ala.Crim.App.1996).’ ”
35 So.3d at 653-54, quoting Sharp v. State, [Ms. CR-05-2371, August 29, 2008] - So.3d - (Ala.Crim.App.2008). See also, Kimberly v. State, 501 So.2d 534, 537 (Ala.Crim.App.1986) (“[N]egligence and ‘bureaucratic indifference and inefficiency’ must be weighed against the State, although not as heavily as a deliberate attempt to delay the trial. Taylor v. State, 429 So.2d 1172, 1174 (Ala.Crim.App.), cert. denied, Alabama v. Taylor, 464 U.S. 950, 104 S.Ct. 366, 78 L.Ed.2d 326 (1983).”).
Yocum alleged that the State failed to bring him to trial because, he says, the State lacked an interest in prosecuting him, as evidenced by the State’s abandoning his prosecution for more than three years. (C. 19.) As a result, Yocum has alleged that the delay was attributable to the State’s negligence. Thus, this factor weighs against the State. See, e.g., Ex parte Anderson, 979 So.2d 777, 781 (Ala.2007).
C. Assertion of right to speedy trial.
 Yocum’s claim is that his counsel failed to assert his right to a speedy trial. “Repeated requests for a speedy trial weigh heavily in favor of an accused.” Kelley v. State, 568 So.2d 405, 410 (Ala.Crim.App.1990). On the other hand, an accused’s “delay [in filing a motion for a speedy trial] reduces the significance of the appellant’s assertion.” Archer v. State, 643 So.2d 597, 599 (Ala.Crim.App.1991). “The fact that the appellant did not assert his right to a speedy trial sooner ‘tends to suggest that he either acquiesced in the delays or suffered only minimal prejudice prior to that date.’” Clancy v. State, 886 So.2d 166, 172 (Ala.Crim.App.2003), quoting Benefield v. State, 726 So.2d 286, 291 (Ala.Crim.App.1997), and Brown v. State, 392 So.2d 1248, 1254 (Ala.Crim.App.1980) (no speedy-trial violation where defendant asserted his right to a speedy trial three days before trial).
Because this is a claim of ineffective assistance of counsel based on counsel’s failure to assert a speedy-trial defense, Yocum has sufficiently pleaded this prong of Barker.
D. Prejudice to the defendant.
Yocum contends that he was prejudiced by the 45-month delay between his arrest and his guilty plea because a witness who could testify to his innocence could not be located and because he was denied work release for a time. He also alleged that he lost the possibility that his sentence in the *225 instant case could have been served concurrently with another sentence he was then serving.
“In analyzing the fourth factor, we consider the ‘interests of defendants which the speedy trial right was designed to protect....: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.’ Barker v. Wingo, 407 U.S. at 532, 92 S.Ct. 2182.” Ex parte Anderson, 979 So.2d at 781. “Of these forms of prejudice, ‘the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.’” Doggett v. United States, 505 U.S. 647, 654, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), quoting Barker, 407 U.S. at 532.
' In this case, Yocum has failed to show oppressive pretrial incarceration or unwarranted anxiety and concern. However, Yocum’s allegations that his witness could not be located because of Yocum’s faded memories does rise to the level of presumed prejudice or require the State to affirmatively show either that the delay is “ ‘extenuated, as by the defendant’s acquiescence,’ ” or “ ‘that the delay left [the defendant’s] ability to defend himself unimpaired.’ ” Ex parte Walker, 928 So.2d at 268, quoting Doggett, 505 U.S. at 658 n. 4.
Yocum has pleaded sufficient facts to entitle him to an evidentiary hearing on his Rule 32 petition. In examining the four Barker factors in this case, as pleaded, whether the delay experienced by Yocum prejudiced him to a degree that would warrant the dismissal of his indictment and thus establishes a claim of ineffective assistance of counsel is a matter to be determined by the circuit court after receiving evidence in accord with Rule 32.9, Ala. R.Crim. P.
Based on the foregoing, this cause is remanded to the circuit court for an evi-dentiary hearing and written findings of fact on Yocum’s allegation that he was denied effective assistance of counsel. In lieu of an evidentiary hearing, the circuit court may take evidence as provided in Rule 32.9, Ala. R.Crim. P. In any event, the circuit court shall make specific findings of fact as required by Rule 32.9(d), Ala. R.Crim. P. The return to remand shall contain a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings. If the circuit court determines that Yocum is entitled to relief, then the court may grant such relief as it deems appropriate.
The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
WINDOM, KELLUM, BURKE, and JOINER, JJ., concur.

On Return to Remand

WELCH, Judge.
On November 4, 2011, this case was remanded by order with directions for the circuit court to hold an evidentiary hearing and make written findings of fact regarding John Charles Yocum’s allegation in his Rule 32, Ala. R.Crim. P., petition that his counsel was ineffective for failing to file a speedy-trial motion.
On remand, after conducting an eviden-tiary hearing, the circuit court found that Yocum’s claim alleging ineffective assistance of counsel was not meritorious. We affirm.
In the hearing, the only evidence taken was Yocum’s testimony. After the hear *226 ing, the circuit court issued the following order:
“This matter was called for hearing on the 21st day of December 2011. [Yo-cum] and counsel for the State were present. The Court received testimony from [Yocum] on his own behalf. Counsel for the State then cross-examined [Yocum]. No other witnesses were called or requested by either party. The Court received physical exhibits into evidence. Arguments were made to the Court.
“After review of the pleadings, the testimony, exhibits, and arguments, the Court finds as follows:
“[Yocum] has failed to establish that attorney Theresa Terrabonne was ineffective under the standards set out by Strickland v. Washington. [Yocum] has failed to meet his burden of showing a deficiency in the representation of [Yo-cum] by attorney Terrabonne. [Yocum] has failed to demonstrate that any of the alleged errors attributed to his counsel were a result of deficient professional judgment or conduct rather than a part of a reasonable pre-trial strategy. [Yo-cum] has admitted that he chose to plead guilty without ever mentioning to his attorney the existence of an allegedly exculpatory witness he now claims to exist. The Court does not find credible [Yocum’s] claim of an alleged exculpatory witness and indeed believes that [Yo-cum] has made misrepresentations to the Court in regards to this allegedly exculpatory witness. [Yocum] confessed to police in a written statement shortly after the theft that he stole approximately $20,000 that belonged to the victim. He never mentioned this alleged witness in his statement, to his attorney or to the Court until this Rule 32 petition.
“Based on the testimony, the Court does not find credible [Yocum’s] claim that he had no knowledge that he had an active charge. The Court notes that [Yocum] had his probation revoked in federal court and his parole revoked in state court based on this theft charge. The Court further notes that [Yocum] claims being given a more restrictive classification because of this charge and yet he says he made no effort to find if this charge was active. [Yocum] never raised a speedy trial claim himself and never requested his attorney do so. Instead, [Yocum] opted to plead guilty upon the settlement agreement. Further, [Yocum] has not said that he would have forgone the plea agreement to pursue a speedy trial claim and the Court does not find it credible that he would have done so. And this Court would not have granted a speedy trial claim based on the evidence presented to the Court.
“This Court went through a plea colloquy with [Yocum] at the time of his plea and [Yocum] indicated to this Court that he was satisfied with Ms. Terrabonne’s services and his plea. Further, the petitioner signed an explanation of rights (Ireland [v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)]) form and a satisfaction of attorney form indicating he was satisfied with the services of Ms. Terra-bonne and his plea.
“[Yocum] has failed to show prejudice to his case by the delay. The Court finds no evidence that [Yocum’s] ability to defend himself was impaired by the delay. As stated above, the Court does not find credible and indeed disbelieves [Yocum’s] claim of an alleged exculpatory witness. The Court further finds that [Yocum’s] claim that he lost the ability to receive concurrent time without merit. This Court could have given [Yocum] credit for time served in those other cases toward this sentence if it *227 thought appropriate. The Court notes that this felony conviction was [Yocum’s] 18th felony conviction in Alabama State Courts alone and that he received the minimum sentence under the habitual felony offender act for this offense.”
(R.R. 48-44.)
To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove (1) that counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The circuit court issued a thorough order addressing each of the allegations presented by Yocum, finding that Yocum had failed to prove his claim that counsel was ineffective for failing to file a speedy-trial motion.
“The burden of proof in a Rule 82 proceeding rests solely with the petitioner, not the State.” Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala.2007). “[I]n a Rule 32, Ala. R.Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.” Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). Rule 32.3, Ala. R.Crim. P., specifically provides that “[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” “[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001). “However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, ‘[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.’” Boyd v. State, 913 So.2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).
The circuit court found that had Yocum’s counsel presented a speedy-trial claim it would have been properly denied. An analysis of the Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), factors — (1) the length of the delay; (2) the reasons for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the degree of prejudice to the defendant — supports this conclusion.
The length of delay found to exist was 45 months. This factor is unchanged by the evidentiary hearing; however, the length of the delay is merely a starting point for a balancing of the remaining factors if the delay is presumptively prejudicial and is itself not dispositive.
Yocum offered no evidence that the State sought to gain an unfair advantage by the delay, and the delay appears to be the result of mere negligence or indifference; therefore, this factor weighs against the State but not as heavily as if there had been an attempt to gain an advantage.
Yocum offered no evidence indicating that he asserted his right to a speedy trial. The record is silent regarding the date when counsel was appointed. Yocum alleged in his petition that counsel was appointed after August 2009 and he pleaded guilty on February 17, 2010. The circuit court found that he received the minimum sentence that could have been imposed as a habitual offender with eighteen prior Alabama felonies.
Yocum offered no evidence that he suffered oppressive pretrial incarceration or anxiety and concern. Yocum also testified *228 that his assertion in the Rule 32 petition that his ability to defend himself was impaired because he lost the ability to locate an exculpatory witness was in fact a lie. Yocum did not prove which of his 18 prior felonies he was serving time for when he could have been brought to trial and did not show that he lost the opportunity to have his sentence run concurrently with that sentence.
After a consideration of the Barker v. Wingo factors, the trial court determined that Yocum had failed to prove that he received ineffective assistance of counsel. Although it would have been prudent for counsel to have filed a speedy-trial motion, the circuit court’s finding that Yocum was not denied a speedy trial is supported by the evidence. A consideration of the factors set out above also convinces this court that Yocum suffered no prejudice as a result of his counsel s failure to file a speedy-trial motion.
The circuit court resolved the disputed issues of fact and decided that Yocum had not met his burden of proof. In so doing the court acted within its discretion. Based on the record before us, the circuit judge exercised sound discretion in denying Yocum’s petition.
AFFIRMED.
WINDOM, P.J., and KELLUM and BURKE, JJ., concur. JOINER, J., concurs in the result.

. We note that Yocum's in forma pauperis application showed that $1,991.17 had been deposited into his inmate account in the 12 months preceding the filing of his application, much more than two times the filing fee for a Rule 32 petition; the circuit court would not have abused its discretion if it had denied Yocum's request to proceed in forma pauper- *221 is. See Ex parte Wyre, 74 So.3d 479, 482 (Ala.Crim.App.2011):
"[A]n inmate who has appreciably more than the amount necessary to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an IFP [in forma pauperis] request is not indigent as that term is defined in Rule 6.3(a), Ala. R.Crim. P. Wyre had $876.52 deposited to his account in that period — more than twice the amount necessary to pay the filing fee. Thus, he is not indigent.”