McMILLAN, Presiding Judge.
The appellant, Donald Holt, pleaded guilty to two counts of first-degree robbery; he was sentenced to 15 years’ imprisonment for each conviction. He did not appeal his convictions.
Holt has now filed a Rule 32, Ala. R.Crim. P., petition, alleging that his trial counsel rendered ineffective assistance and that his guilty pleas were not knowingly and voluntarily entered. He predicated those claims on his contention that trial counsel erroneously advised him that he would be eligible to receive credit for incentive good time (“IGT”) if he pleaded guilty to these charges. The State moved to dismiss, arguing that Holt’s claims were precluded by Rule 32.2(a)(5), Ala. R.Crim. P. Further, the State argued that the trial court had no duty to notify Holt that he would not be eligible to receive IGT before accepting his guilty pleas and that Holt had not proved his ineffective-assistance claim as required by the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test. The trial court summarily denied Holt’s petition as meritless. This appeal followed.
The State has requestéd that we remand this case to the circuit court for a determination as to Holt’s claim that trial counsel misinformed Holt as to his eligibility for IGT credit. The record supports such a request. See Patterson v. State, 879 So.2d 1208 (Ala.Crim.App.2003).
Therefore, this case is remanded for the Jefferson Circuit Court to conduct an evi-dentiary hearing, if necessary, and to make specific findings of fact as to Holt’s claim that trial counsel erroneously advised him that he would be eligible for IGT credit if he was convicted of first-degree robbery. Due return shall be made to this Court within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.