KELLUM, Judge.
The appellant, Harold Clarence Frost, appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. In May 2008, Frost pleaded guilty to one count of sodomy in the first degree and to two counts of sexual abuse of a child less than 12 years old. The circuit court sentenced Frost to life in prison for the first-degree sodomy conviction and to 15 years for each of the sexual-abuse convictions.[1] *864 No direct appeal was taken from these convictions.
On August 6, 2009, Frost filed the instant Rule 32 petition in which he alleged (1) that he did not knowingly and voluntarily enter his guilty plea because the circuit court did not advise him that he would not be eligible for parole during the guilty-plea colloquy; (2) that he had received ineffective assistance of trial counsel because counsel failed to advise him that if he pleaded guilty to one count of first-degree sodomy and to two counts of sexual abuse of child under 12 years of age he would not be eligible for parole; and (3) that newly discovered evidence required that his guilty plea be vacated. On October 27, 2009, the State filed a response in which it argued that Frost’s claims were precluded, insufficiently pleaded, and without merit. Frost subsequently amended his petition to assert that the doctrine of equitable tolling applied to toll the limitation period as provided by Rule 32.2(c), Ala. R.Crim. P., because he learned of his ineligibility for parole only after the applicable limitations period had expired.
On January 19, 2010, the circuit court conducted an evidentiary hearing at which Frost was represented by appointed counsel. On March 22, 2010, the circuit court entered an order denying Frost’s Rule 32 petition. In its order, the circuit court found, among other things, that trial counsel’s failure to inform Frost that he would not be eligible for parole was not so prejudicial to Frost as to constitute deficient performance. The court further found that extraordinary circumstances existed that tolled the limitations period set forth in Rule 32.2(c), Ala. R.Crim. P., and, therefore, applied the doctrine of equitable tolling to Frost’s petition. This appeal followed.
The dispositive issue raised by Frost on appeal is whether his trial counsel was ineffective for failing to advise him that, under § 15-22-27.3, Ala.Code 1975,[2] if he pleaded guilty to one count of sodomy in the first degree and to two counts of sexual abuse of a child under 12 years of age he would be ineligible for parole.
In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel’s performance was deficient and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). The two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In the context of guilty-plea proceedings, this Court has held:
“When an appellant’s claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant’s establishing ‘that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’ ”
Culver v. State, 549 So.2d 568, 572 (Ala. Crim.App.1989), quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694.
*865 In his Rule 32 petition, Frost claimed that if his trial counsel had informed him that he would be barred from parole under § 15-22-27.8, Ala.Code 1975, he would never have pleaded guilty to one count of first-degree sodomy and to two counts of sexual abuse of a child under 12 years of age but instead would have demanded a trial. In an affidavit attached to his Rule 32 petition and also included in the body of his petition, Frost stated: “My trial counsel ... never advised me that there had been an amendment to the parole statutes barring those convicted of Class A and Class B sex offenses from parole. If he had done so, I would have never entered guilty pleas.” (C. 15, 38.) At the hearing on Frost’s Rule 32 petition, Frost’s trial counsel testified that as a general rule every client asked about parole and that his standard response was that it “was up to the Department of Corrections because I don’t own you and neither does the Court after the plea.” (R. 19.)
Section 15-22-27.3, Ala.Code 1975, effective October 1, 2005, states that “[a]ny person convicted of a criminal sex offense involving a child as defined in subdivision (5) of Section 15-20-21 which constitutes a Class A or B felony shall not be eligible for parole.” Section 15-20-21(5), Ala.Code 1975, defines a “criminal offense involving a child” as “[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.” Sodomy in the first degree and sexual abuse of a child less than 12 years old are Class A and B felonies, respectively. See § 13A-6-63 and § 13A-6-69.1, Ala.Code 1975.
This Court in Stith v. State, 76 So.3d 286 (Ala.Crim.App.2011), recently addressed whether trial counsel was ineffective in rendering advice regarding the collateral effects of a guilty plea. In Stith, Stith alleged in his Rule 32 petition that trial counsel failed to inform him that he would be ineligible to receive correctional incentive time as provided for in § 14-9-41, Ala.Code 1975, with regard to his prison sentence if he pleaded guilty to first-degree sodomy, a Class A felony and that if he had been so informed he would not have agreed to plead guilty. Stith had declined a plea offer from the State that would have allowed him to serve a five-year split sentence because he believed a “straight” sentence would have allowed him to earn correctional incentive time. In an affidavit, Stith’s trial counsel stated that he explained to Stith that no one, except the Department of Corrections, could calculate or otherwise make a determination about the application of good-time credit to the imposed sentence. Stith, 76 So.3d at 288. The circuit court subsequently denied Stith’s Rule 32 petition.
On appeal, Stith reasserted his claims that his trial counsel had been ineffective in rendering advice regarding whether Stith was eligible to receive correctional incentive time. This Court agreed, holding that Stith’s counsel had rendered ineffective assistance and that he was prejudiced as a result. In so holding, we stated:
“Stith’s counsel did not advise him that good time (i.e., CIT) was not available for a Class A felony. However, a simple reading of the applicable statute, § 14-9-41, Ala.Code 1975, would have informed counsel that incentive time deductions are not available for an inmate convicted of a Class A felony. Counsel asserted in his affidavit:
“ ‘In fact, I carefully made sure that he understood that no one, except for the Department of Corrections, calculate[s] or make[s] a determination regarding good time credit to be applied against a sentence that had been imposed.’
*866 “(SR. 14.)
“Although counsel was apparently unaware of the legal effect of § 14-9^41, Ala.Code 1975, and did not represent to Stith that he could earn [correctional incentive time], the advice given to Stith was incorrect and amounted to a misrepresentation regarding the tew. Merely reading the statute would have enabled counsel to properly advise Stith that he could not receive incentive time deductions for a Class A felony. It is axiomatic that the reason why counsel is appointed is to advise a client about the tew. The effect of a sentence is one of the most important matters about which a criminal-defense lawyer should be cognizant. ‘[E]very lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion, and that .the real issue centers about the severity of the punishment.’ Smith v. United States, 223 F.2d 750, 754 (5th Cir.1955). The fact that Stith, being ignorant of the tew, instigated a renegotiation of his plea which effectively doubled the duration of his imprisonment is not a factor that prevents him from pleading or prevailing on a claim of ineffective assistance of counsel.
“Whether denominated as an omission or a misrepresentation, counsel failed to advise Stith that if he accepted the plea agreement that called for a 10-year straight sentence the result would be that Stith would have to serve the full 10 years’ imprisonment. Stith’s counsel did not provide effective assistance of counsel when he incorrectly advised Stith that ‘no one, except for the Department of Corrections, [may] calculate or make a determination regarding good time credit.’ Stith was allowed to make a decision that added 5 years to the amount of time he would serve due to counsel’s failure to advise him that good-time credit (i.e., CIT) was not available.”
Stith, 76 So.3d at 292.
In Padilla v. Kentucky, 559 U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), resident alien Jose Padilla claimed in a postconviction petition that his trial counsel had advised him that if he pleaded guilty to a marijuana-trafficking offense he was not subject to deportation. Specifically, Padilla claimed that “his counsel not only failed to advise him of this consequence prior to his entering his plea, but also told him that he ‘did not have to worry about immigration status since he had been in the country so long.’ ” Padilla, 559 U.S. at -, 130 S.Ct. at 1478. Padilla claimed that he would have insisted on going to trial if he had not received incorrect advice from his attorney. Id. Padilla ultimately pleaded guilty, relying on his trial counsel’s erroneous advice. Id. The Supreme Court of Kentucky denied Padilla postconviction relief, holding that “the Sixth Amendment’s guarantee of effective assistance of counsel does not protect a criminal defendant from erroneous advice about deportation because it is merely a ‘collateral’ consequence of his conviction. 559 U.S. at-, 130 S.Ct. at 1478.
Padilla appealed to the United States Supreme Court; that Court granted cer-tiorari review to decide whether Padilla’s trial counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his deportation. Answering that question in the affirmative, the Court held:
“Before deciding whether to plead guilty, a defendant is entitled to ‘the effective assistance of competent counsel.’ McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Strickland, 466 U.S., at 686, 104 S.Ct. 2052. The Supreme Court of *867 Kentucky rejected Padilla’s ineffectiveness claim on the ground that the advice he sought about the risk of deportation concerned only collateral matters, i.e., those matters not within the sentencing authority of the state trial court. 253 S.W.3d, at 483-484 (citing Commonwealth v. Fuartado, 170 S.W.3d 384 (2005)). In its view, ‘collateral consequences are outside the scope of representation required by the Sixth Amendment,’ and, therefore, the ‘failure of defense counsel to advise the defendant of possible deportation consequences is not cognizable as a claim for ineffective assistance of counsel.’ 253 S.W.3d, at 483. The Kentucky high court is far from alone in this view.
“We, however, have never applied a distinction between direct and collateral consequences to define the scope of constitutionally ‘reasonable professional assistance’ required under Strickland, 466 U.S., at 689, 104 S.Ct. 2052. Whether that distinction is appropriate is a question we need not consider in this case because of the unique nature of deportation.
“Deportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or a collateral consequence. The collateral versus direct distinction is thus ill-suited to evaluating a Strickland claim concerning the specific risk of deportation. We conclude that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel. Strickland applied to Padilla’s claim.”
Padilla v. Kentucky, 559 U.S. at-, 130 S.Ct. at 1481-82 (footnotes omitted).
The Supreme Court went on to determine whether trial counsel’s performance in her representation of Padilla was in fact deficient under Strickland, finding:
“In the instant case, the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for Padilla’s conviction. See 8 U.S.C. § 1227(a)(2)(B)(i) (‘Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance ..., other than a single offense involving possession for one’s own use of 30 grams or less of marijuana, is deportable’). Padilla’s counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses. Instead, Padilla’s counsel provided him false assurance that his conviction would not result in his removal from this country. This is not a hard case in which to find deficiency: The consequences of Padilla’s plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel’s advice was incorrect.
“Immigration law can be complex, and it is a legal specialty of its own.... But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.
“Accepting his allegations as true, Padilla has sufficiently alleged constitutional deficiency to satisfy the first prong of Strickland.”
Padilla, 559 U.S. at -, 130 S.Ct. at 1483-84.
*868 Generally, the failure to advise a client of the collateral consequences of a guilty plea does not constitute ineffective assistance of counsel. United States v. Campbell, 778 F.2d 764 (11th Cir.1985). However, “an accused is entitled to information concerning direct consequences of his plea.” Rumpel v. State, 847 So.2d 399, 401 (Ala.Crim.App.2002) (citations omitted). “ ‘The distinction between direct and collateral consequences of a plea “turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant’s punishment.” ’ ” Rumpel, 847 So.2d at 402 (quoting Robinson v. State, 730 So.2d 252, 254 (Ala.Crim.App.1998) (quoting in turn State v. Ward, 123 Wash.2d 488, 869 P.2d 1062, 1075 (1994))). “A consequence has been defined as ‘collateral’ rather than ‘direct,’ where ‘it lies within the discretion of the court whether to impose it,’ or where ‘its imposition is controlled by an agency which operates beyond the direct authority of the trial judge.’ ” State v. Jimenez, 987 S.W.2d 886, 889 n. 6 (Tex.Crim.App.1999) (quoting United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir.1997) (citations and internal quotations omitted)).
In the instant case, the application of § 15-22-27.3 to Frost’s sentence had “an immediate and largely automatic effect on the range of [his] punishment.” Rumpel, supra. Section 15-22-27.3 barred Frost from ever being eligible for parole. Furthermore, the imposition of § 15-22-27.3 was mandatory; it was not within the circuit court’s discretion. Also, the imposition of § 15-22-27.3 was not controlled by an agency operating beyond the direct authority of the circuit court, i.e., the Alabama Board of Pardons and Paroles. Under the particular facts and circumstances of this case, Frost’s ineligibility for parole resulted in a longer period of incarceration — the remainder of his life — and, thus, was a direct consequence of his plea of guilty to one count of sodomy in the first degree and to two counts of sexual abuse of a child under 12 years of age.
Moreover, as in Padilla and Stith, Frost’s trial counsel could have easily determined from a simple reading of § 15-22-27.3, Ala.Code 1975, that because Frost’s charges were for criminal sex offenses involving a child less than 12 years of age, Frost’s guilty plea would result in a sentence of life imprisonment without the possibility of parole. The language of § 15-22-27.3 is not complex, and its application in the instant case is clear. Frost’s trial counsel testified that he told his clients, regarding issues of parole, that it “was up to the Department of Corrections because I don’t own you and neither does the Court after the plea.” (R. 19.) Given the charges pending against Frost at that time and the charges to which he ultimately pleaded guilty, trial counsel’s advise was incorrect inasmuch as it implied that parole was a possibility and that Frost’s ability to be paroled was left to the discretion of the Department of Corrections.
As this Court recognized in Stith, “[t]he effect of a sentence is one of the most important matters about which a criminal defense lawyer should be cognizant” and the severity of a defendant’s punishment is often the real issue. 76 So.3d at 292. In this case, the severity of Frost’s punishment — life imprisonment without the possibility of parole — is exceeded only by cases in which a defendant is convicted of capital murder and is sentenced to death. The consequence of Frost’s plea of guilt in this case is as severe, if not more so, as the consequence of the defendant’s plea of guilt in Padilla. Accordingly, we find that Frost’s trial counsel’s performance was deficient.
Having found that Frost’s trial counsel’s performance was deficient, we *869 now must determine if Frost established that he was prejudiced by his trial counsel’s deficient performance. See Strickland, supra. In the context of a guilty plea, this means that Frost must demonstrate that there is a reasonable probability that but for counsel’s errors, he would not have pleaded guilty and would have insisted instead on going to trial. See Culver v. State, 549 So.2d at 572.
In his Rule 32 petition, Frost claimed that had he known he would not be eligible for parole he would never have pleaded guilty to the charges but, instead, would have insisted on going to trial. Frost testified at the evidentiary hearing on his Rule 32 petition that his attorney advised him to plead guilty based on a belief that if Frost did not, the circuit court could give him “a sentence such as life and then a twenty-year sentence running wild.” (R. 7.) Frost’s testimony indicates that he pleaded guilty to avoid spending the rest of his life in prison and with the hope that he would eventually be released from prison at the conclusion of his sentence. Frost established that, but for his trial counsel’s errors, he would not have pleaded guilty and would have instead insisted on going to trial.
The standard of review in evaluating the denial of a Rule 32 petition is whether the circuit court abused its discretion in denying the petition. Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). Under the particular circumstances presented in this case, Frost proved that his counsel was ineffective and that he was prejudiced as a result of his counsel’s deficient performance. Accordingly, the circuit court abused its discretion in denying Frost’s Rule 32 petition. The judgment of the circuit court is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, P.J., and WINDOM, BURKE, and JOINER, JJ., concur.

. The circuit court did not indicate whether the sentences were to run concurrently or consecutively; therefore, they are presumed to run consecutively. Rule 26.12(a), Ala. R.Crim. P.

. Section 15-22-27.3 provides:
“Any person convicted of a criminal sex offense involving a child as defined in sub-
section (5) of Section 15-20-21 which constitutes a Class A or B felony shall not be eligible for parole.”