On Return to Remand 
*

KELLUM, Judge.
Larry Paul Eller appeals the circuit court’s summary dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his July 11, 2012, guilty-plea conviction for first-degree sodomy and his resulting October 11, 2012, sentence of life imprisonment. Eller did not appeal his conviction and sentence.-
On September 19, 2013, Eller, through counsel, timely filed this, his first,'Rule 32 petition. In his petition, Eller alleged:
(1) That his trial counsel was ineffective for:
(a)not timely moving for a preliminary hearing within 30 days of his arrest as required by § 15-11-1, Ala. Code 1976, and Rule 5, Ála. R.Crim. • P., which, he claimed, resulted in his being denied a preliminary hearing;
(b) not meeting with him before trial “a sufficient number of times” (C. 15);
(c) not presenting at the hearing on his motion to suppress his confession, evidence indicating that he “suffered from a medical condition that caused him to be confused and [that] impaired his thinking at the time that law enforcement questioned” him (C. Í5);
(d) not taking, steps to have him evaluated to determine his competency to stand trial, his competency to , understand and waive his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966), and his mental state at the time of the crime after he entered a plea of not guilty by reason of mental disease or defect;
(e) advising him that “his only choices were to enter a guilty plea to one count of Sodomy [in the first degree] with a child under th[e] age of 12 years and accept a life sentence, or go to trial, where he would certainly receive a sentence of life without the possibility of • parole;”' ■ which, he claimed, improperly led him to believe that he would be eligible for parole if ■ he pleaded guilty when, in fact, he is not eligible for parole under § 15-22-27.3, Ala.Code 1975 (C. 16); and
• (2) That his guilty plea was involuntary because, he said, the trial court failed to inform him “of the impact of § 15-22-27.3, Code of Alabama (1975) upon any sentence imposed.” (C. 16.)
On December 13, 2013, the State filed a response' to "Eller’s petition, arguing that *1187 Eller’s claims of ineffective assistance of counsel were either meritless or insufficiently pleaded and that his challenge to the voluntariness of his, guilty plea was also insufficiently pleaded. The circuit court conducted an evidentiary hearing on Eller’s petition on January 17, 2014. On February 27, 2014, the circuit court issued an order purporting to deny Eller’s petition in part and 'grant the petition in part. The circuit court denied Eller’s petition to the extent that it raised claims of ineffective assistance of counsel. The court purported to grant Eller’s petition to the extent that it challenged the voluntariness of his plea, specifically finding that'the trial court had, in fact, failed to inform Eller that he was ineligible for parole under § 15-22-27.3. However, the circuit court did not set 'aside Eller’s conviction and sentence, which would have been the appropriate remedy for an involuntary guilty plea, but instead resentenced Eller to 40 years’ imprisonment. Thus, the circuit court, despite its apparent belief, did not grant any portion- of Eller’s petition, but rather, denied the entirety of the petition.
Recognizing that Eller’s original sentence of life imprisonment was legal and that a circuit court has no jurisdiction to modify a legal sentence more than 30 days after that sentence is imposed, on September 18, 2014, this Court remanded this case by order for the circuit court to set aside that portion of its February 27, 2014, order amending Eller’s sentence from life imprisonment to 40 years’ imprisonment and to reinstate Eller’s original sentence of life imprisonment. The circuit court complied with our instructions on remand and reinstated Eller’s life sentence. Neither party requested to file additional briefs on return to remand;,- therefore, we proceed based on the original briefs filed by the parties.
,. L
In his brief on appeal, Eller does not argue claim (l)(b), -as set out above— that his trial counsel was ineffective for not meeting with him before trial “a sufficient number of times” (C. 15) — or claim (2), as set out above — that his guilty plea was involuntary because, he said, the trial court failed to inform him “of the impact of § 15-22-27.3, Code of Alabama (1975)-upon any sentence imposed.” (C. 16.) It is' well settled that this Court “will not review issues not listed and argued in brief.” Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995), “.‘[Ajllegations ... not expressly argued on ... appeal ... are deemed by us to be abandoned.’” Burks v. State, 600 So.2d 374, 380 (Ala. Crim.App.1991) (quoting United States v. Burroughs, 650 F.2d 595, 598 (5th Cir. 1981)). Because Eller does not pursue these claims in his brief on appeal, they are deemed abandoned and will not be considered by this Court..
II.
Eller does pursue in his brief on appeal cláims (l)(a), (c), (d), and (e), as set above — all claims of ineffective assistance of trial counsel.
Because the circuit court conducted an evidentiary hearing on Eller’s petition, the burden was on Eller tp prove his claims:
“ ‘The burden of proof in a Rule 32 proceeding rests, solely with the petitioner, not the -State.’ Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala. 2007). ‘[I]n a Rule 32, Ala. R.Crim. P., proceeding, the-burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.’ Wilson v. State, 644 So.2d 1326, 1328 (Ala. Crim.App.1994). - Rule 32,3, Ala. *1188 R.Crim. P., specifically provides that ‘[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.’ ”
Wilkerson v. State, 70 So.3d 442, 451 (Ala. Crim. App.2011).
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden of proving (1) that his counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. “To meet the first prong of the test, the petitioner must show that his counsel’s representation fell below an objective standard of reasonableness. The performance inquiry must be whether counsel’s assistance was reasonable, considering all the circumstances.” Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). “ ‘This court must avoid using “hindsight” to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel’s actions before determining whether counsel rendered ineffective assistance.’” Lawhorn v. State, 756 So.2d 971, 979 (Ala. Crim.App.1999) (quoting Hallford v. State, 629 So.2d 6, 9 (Ala.Crim.App.1992)). “A court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, 466 U.S. at 689. As the United States Supreme Court explained:
“Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong .presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.”
Strickland, 466 U.S. at 689 (citations omitted). To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. “It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.” Id. at 693.
With these principles in mind, we address each of Eller’s claims in turn.
A.
Eller first alleged in his petition that his trial counsel was ineffective for not timely moving for a preliminary hearing within 30 days of his arrest as required by § 15-11-1, Ala.Code 1975, and Rule 5, Ala. R.Crim. P., which, he said, resulted in his being denied a preliminary hearing. *1189 Specifically, Eller alleged that he was arrested on February 9,' 2012, and that his wife retained attorney Jackie Isom to represent him. Isom entered a notice of appearance on February 28, 2012, but delayed filing a motion for a preliminary hearing until April 3, 2012, over 30 days after Eller’s arrest. As a result, Eller alleged, his counsel denied him his right to a preliminary hearing.
At the evidentiary hearing, Eller testified that' no preliminary hearing was held in his case. Eller said that he did not remember any hearing in which Ronnie Vickery, a law-enforcement officer, testified. Isom testified, on the other hand, that he recalled a special bond hearing at which Vickery testified. Isom said that, although it was a bond hearing, Vickery testified about the events leading up to Eller’s arrest and that the hearing was similar to a preliminary hearing.
In its order, the circuit court rejected this claim, stating:
“While [Eller’s] formal request may have been made greater than thirty (30) days from the date of arrest, [Eller] suffered no prejudice. [Eller] was pro: vided a copy of the State’s entire file in the case. The investigating officer was available for questioning by [Eller’s] attorney. At the bond reduction hearing, the State of Alabama called as its only witness then-investigator Ronny Vick-ery with the Marion County Sheriffs Department. That witness was cross- . examined by [Eller’s] counsel. The hearing was a specially-set hearing that was used by the District Court as both a bond hearing and a preliminary hearing. Customarily, those type hearings are brief and are held on a typical Monday District Criminal Docket.
“However, because of the length of time required in the combination hearing, it was specially set. This delayed filing a Motion for Preliminary Hearing beyond the 30-day deadline, for doing so was not prejudicial to [Eller] considering the testimony of Lieutenant Vickery at . the bond reduction hearing. Mr. Isom requested and received discovery in this case. He filed numerous motions on behalf of [Eller]. Having known [Eller] and having represented him previously in civil matters, Mr. Isom properly investigated the case and correctly advised [Eller] concerning his case and the options available to him.” .
(C. 68.) We agree with the circuit court.
The testimony at the evidentiary hearing indicated that Eller did, in fact, receive a preliminary hearing, although it was combined with a bond hearing. Moreover, even if there, had been no preliminary hearing at all, Eller failed to present any evidence at the evidentiary hearing indicating that he was prejudiced by the lack of a preliminary hearing. Therefore, Eller clearly failed to prove this claim of ineffective assistance of counsel, and it was properly denied by the circuit court.
B.
Eller also alleged in his petition that his trial counsel was ineffective for not presenting evidence at the hearing to suppress his confession on the ground that he “suffered from a medical conditioñ that caused him to be confused and [that] impaired his thinking at the time'that law enforcement questioned” him. (C. 15.) In a similar vein, Eller further alleged in his petition that his trial counsel was ineffective for not moving to have' him evaluated to determine his competency to stand trial, his competency to understand and waive his Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights, and his mental state at the time of the crime after he had entered a plea of not *1190 guilty by reason of mental disease or defect.
At the evidentiary hearing, Eller testified that he never discussed his mental status with Isom while Isom was representing him, nor did Eller discuss with Isom his ability to understand the proceedings against him or his ability to knowingly and voluntarily waive his Miranda rights. Eller said that he spoke with law enforcement after his arrest but that he never discussed with Isom the circumstances of that interview. Eller also said that he believed that Isom had filed a motion to suppress his statement to law enforcement but that he did not recall being present during a suppression hearing. Eller further testified that he did not remember appearing for an arraignment in June 2012 and entering pleas of not guilty and not guilty by reason of mental disease or defect. Eller, who was 74-years old at the time of the hearing, testified that his father had had him institutionalized' in Colorado when' he- was two-and-a-half-years old, but that he “didn’t stay there too long because my foster mother took me‘ out of there.” (R. 11.)
On cross-examination, Eller testified that as a result of his plea he was required to fill out paperwork for the probation office, and he admitted that he had indicated on the paperwork that he had no mental disabilities. Eller also stated that , he took no medication for mental problems; all his medication was for physical ailments. Eller also admitted that he never informed Isom of any mental-health difficulties.
Isom testified that before Eller entered his plea, he-received numerous telephone calls from Eller’s wife, who was worried about Eller’s physical health and whether Eller was receiving his medication while in jail. Isom said that he responded to Mrs. Eller’s concerns and contacted the sheriffs department to ensure that - Eller was receiving his medication while in custody. Isom said that he did not recall if any of Eller’s medications were for mental-health problems but that Eller never discussed with him any mental-health- commitments he had had in the past. Isom said that he had some information indicating, “as a young person, that [Eller] had some probably very stressful environmental situations” but that he had no indication from Eller or his wife that Eller suffered from any mental defect. (R. 53-54.) Isom also testified that he did not recall entering a plea of not guilty by reason of mental disease or defect at arraignment. Isom stated that he did not move to have Eller evaluated before the guilty plea. Isom testified that he did file a motion to suppress Eller’s statement to police based on the idea that Eller did not understand his Miranda rights and did not knowingly and voluntarily waive those rights. However, Isom indicated that the motion was not based on any mental-health problem suffered by Eller but was based generally on Isom’s opinion that “[w]hen you’re under the gun with law enforcement there, [even] Cornell College students don’t understand th[eir] Miranda rights.” (R. 64-65.) Isom indicáted that the circuit court did not conduct a hearing on the motion to suppress.
Eller clearly failed to prove either of these ineffective-assistance-of-counsel claims at the hearing; Eller presented no evidence whatsoever that he suffered from any medical condition, - physical or mental, “that caused him to be confused and impaired his thinking at the time that law enforcement questioned” him, as he alleged in his -petition. (C. 15.) Therefore, he failed to prove either that his counsel’s performance regarding the motion to suppress was deficient or that he was prejudiced by counsel’s performance, *1191 i.e., that, but for counsel’s performance, his statement would have been suppressed.[1]
Likewise, Eller presented no evidence whatsoever that he was incompetent to stand trial, that he did not understand or knowingly and voluntarily waive his Miranda rights, or that he suffered from a mental disease or defect at the time of the crime. Rather, the testimony at the evi-dentiary hearing indicated that, although Eller, who was 74 years old at the time of the hearing, may have had a difficult childhood, he did not suffer from any mental-health problems as an adult. Nor did Eller present any evidence indicating that Isom had any information before him to suggest that a mental evaluation of Eller was necessary. Merely because Isom entered an alternative plea of not guilty by reason of mental disease or defect at arraignment did not automatically require Isom to move to have Eller evaluated. Eller failed to prove either that Isom’s decision not to have Eller evaluated constituted deficient performance or that Isom’s performance prejudiced Eller, i.e., that, but for Isom’s performance, Eller would have been evaluated and the evaluation would have revealed that he was incompetent to stand trial, incompetent to understand or knowingly and voluntarily waive his Miranda rights, and/or suffering from a mental disease or defect.
Therefore, the circuit court properly denied, these.claims<of ineffective assistance of counsel.
G. ’
Finally, Eller alleged in his petition that his trial counsel was ineffective for advising him that “his only choices were to enter a guilty plea to one count of Sodomy [in- the first degree] with a child’.under th[e] age of 12 years and accept a life sentence, or go to trial, where he would certainly receive a sentence of life without the possibility of parole,” which, he claimed, improperly led him to believe that he would be eligible for parole if he .pleaded guilty when, in fact, he is not eligible for parole under § 16-22-27.3, Ala,Code ■1975. (C. 16.)
At the evidentiary hearing, Eller testified that he and Isom had had no conversations regarding what potential sentence he would receive if he pleaded guilty or about his eligibility for parole, and that he did not. understand when he pleaded guilty that he would not be eligible for parole. Eller testified that he would never have pleaded guilty had he known that.he would not be eligible for parole. Eller admitted, however, that Isprn never told him that he would be eligible for parole. We note that Eller never testified at the hearing, as he alleged in his petition, that Isom told him that his only two options were to plead guilty and receive a sentence of life impris *1192 onment or to go to trial and receive a sentence of life imprisonment without the possibility of parole.
Isom testified, on the other hand, that he explained to Eller that he believed that, if Eller entered a blind guilty plea, because of the nature of the charge, the judge would sentence Eller to the maximum sentence possible. Isom said that he made it clear to both Eller and Eller’s wife that Eller “would spend the rest of his life in prison because of this situation.” (R. 56.) Isom said that he was fully aware that Eller was not eligible for parole based on the nature of the charge. When specifically asked if he had informed Eller that Eller would not be eligible for parole, Isom responded: “I don’t know if I said eligible or that he was not going to be paroled.” (R. 68.)
In its order, the circuit court found this claim to be meritless based on Isom’s testimony, stating:
“As to the issue of parole, Mr. Isom testified in the evidentiary hearing:
“‘Let me make it clear that I explained to Mr. Eller that the judge is going to give him a maximum — our two judges, either one in this-type charge — if he pled guilty or if he was tried and convicted, that he would get the maximum. And I informed him that, in my opinion, he would spend the rest of his life in prison because of this situation.’
“Mr. Isom also testified that he never told Mr. Eller that he would parole out. Mr. Isom stated that he told both Mr. and Mrs. Eller from the beginning that Mr. Eller would remain in prison the rest of his life. Mr. Isom testified that he stated to Mr. Eller that he was not eligible for parole with that type of charge.
“‘I told Mr. Eller that the judge would give him the maximum and that he would spend the rest of his life in prison.’ ”
(C. 73.)
Initially, we point out that the circuit court clearly credited Isom’s testimony that he had informed Eller that El-ler would spend the rest of his life in prison if Eller pleaded guilty over Eller’s testimony that he and Isom had had no discussions regarding his possible sentence or his parole eligibility.[2] “The credibility of witnesses is for the trier of fact, whose finding is conclusive on appeal. This Court cannot pass judgment on the truthfulness or falsity of testimony or on the credibility of witnesses.” Hope v. State, 521 So.2d 1383, 1387 (Ala.Crim.App.1988). Indeed, it is well settled that, in order to be entitled to relief, a postconviction “petitioner must convince the trial judge of the truth of his allegation and the judge must ‘believe’ the testimony.” Summers v. State, 366 So.2d 336, 343 (Ala.Crim.App. 1978). See also Seibert v. State, 343 So.2d 788, 790 (Ala.1977). Here, the circuit court obviously believed Isom’s testimony, and we see no reason to disturb that finding on appeal.
The question then becomes whether Isom’s statements to Eller before Eller’s plea constituted deficient performance under this Court’s holdings in Frost v. State, 76 So.3d 862 (Ala.Crim.App.2011), and Stith v. State, 76 So.3d 286 (Ala.Crim.App. 2011). We hold that they did not.
*1193 In Stith) this Court addressed whether trial counsel was ineffective for not informing Stith that Stith would be ineligible to receive correctional incentive time (“good-time credit”) as provided for in § 14-9-41, Ala.Code 1975, with regard to his prison sentence if he pleaded guilty to first-degree sodomy, a Class A felony. Stith had declined a plea offer from the State that would have allowed him to serve a 5-year split sentence because Stith had erroneously believed that a “straight” 10-year sentence would have allowed him to earn good-time credit. At an evidentiary hearing conducted on Stith’s Rule 32, Ala. R.Crim. P., petition for postconviction relief, trial counsel testified that he had told Stith that no one except the Alabama Department of Corrections (“DOC”) could calculate or otherwise make a determination about the application of good-time credit to the imposed sentence. On appeal, this Court held that the advice of Stith’s counsel constituted deficient performance because the advice to Stith that only DOC could determine Stith’s eligibility for good-time credits was erroneous and “amounted to a misrepresentation regarding the law.” Stith, 76 So.3d at 292. Because Stith had testified that he would not have pleaded guilty had he known that he would not earn good-time credits, i.e., that he had been prejudiced by counsel’s deficient performance, this Court granted Stith relief on the ground that his counsel had been ineffective.
In Frost, this Court addressed whether trial counsel was ineffective for not informing Frost that Frost would be ineligible for parole under § 15-22-27.3, Ala.Code 1975, if Frost pleaded guilty to one count of first-degree sodomy and two counts of sexual abuse of a child under 12 years of age. At an evidentiary hearing conducted on Frost’s Rule 32, Ala. R.Crim. P., petition for postconviction relief, trial counsel testified “that as a general rule every client asked about parole and that his standard response was that it ‘was up to the Department of Corrections because I don’t own you and neither does the Court after the plea.’” Frost, 76 So.3d at 865 (citation omitted). Relying in large part on Stith, this Court held that trial counsel’s advice constituted deficient performance because “trial counsel’s advice was incorrect inasmuch as it implied that parole was a possibility and that Frost’s ability to be paroled was left to the discretion of the Department of Corrections.” Frost, 76 So.3d at 868. Because Frost had testified that he would not have pleaded guilty had he known that he would not be eligible for parole, i.e., that he had been prejudiced by counsel’s deficient performance, this Court granted Frost relief on the ground that his counsel had been ineffective.
In both Stith and Frost, this Court recognized that the failure to inform a defendant of collateral consequences of a guilty plea generally does not constitute ineffective assistance of counsel. This Court also recognized that eligibility for good-time credits, Stith, and eligibility for parole, Frost, are generally considered collateral consequences of a plea about which a defendant does not have to be informed. However, this Court also expressly recognized in Stith, and inferentially in Frost to the extent that Frost relied on Stith, that there is a distinction between an omission by counsel regarding a collateral consequence of a plea and an affirmative misrepresentation by counsel regarding a collateral consequence of a plea. The failure of counsel to advise a defendant of a collateral consequence of a plea would not constitute deficient performance, see Fearson v. State, 662 So.2d 1225, 1226 (Ala.Crim. App.1995), while an affirmative misrepresentation by counsel regarding a collateral *1194 consequence of a plea may. constitute deficient performance, see Patterson v. State, 879 So.2d 1208, 1210 (Ala.Crim.App.2003). Thus-,' this Court’s holdings in Stith and Frost that counsel in those cases were ineffective for not informing Stith and Frost of their ineligibility for good-time credit and- parole, respectively, were not based on .counsel’s failure to mention the defendants’ ineligibility for good-time credit or parole to. Stith and Frost, i.e., an omission by counsel, but were based .on the fact that counsel had been unaware of the law and, as a result, had made material misrepresentations to the defendants. It is well settled that “a.misrepresentation by a defendant’s counsel, if material, may render a guilty plea involuntary.” Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999).
In this case, unlike in Stith and Frost, Isom was not unaware of the law on parole eligibility. Isom’s testimony indicated that he was- well aware that there was no eligibility for parole for a defendant convicted of a sex offense involving a child under 12 years of. age. Additionally, Isom did not misrepresent -to Eller the law on parole ineligibility. Isom did not inform Eller that his parole eligibility would be up to DOC, as was the case in -Frost. Rather, Isom made it clear to Eller that Eller would, in fact, spend the rest of his life in prison if he pleaded guilty. Although Isom may- not have used exact terminology — that Eller would be “ineligible for parole” — the import of his statements to Eller accurately conveyed the law — that Eller would spend the- rest of his life in prison as a result of his guilty plea. • Thus, unlike in Stith and Frost, Isom’s advice to Eller did not constitute deficient performance and the circuit court properly denied this claim of ineffective assistance of counsel. ■
III.
-Based on the foregoing, the judgment of the circuit court denying Eller’s Rule 32 petition is affirmed. ■
AFFIRMED.'
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On September 18, 2014, the Court of Criminal Appeals remanded this case by order.

. We note that this was. not the reason for the circuit court's denial of this claim. In its order, the circuit court found this claim to be insufficiently pleaded. We recognize that such a finding after an evidentiary hearing is erroneous. See Ex parte McCall, 30 So.3d 400 (Ala.2008). However, Eller did not challenge the circuit court’s finding in this regard in a postjudgment motion in the circuit court, nor does, he make any argument in his brief on appeal regarding the circuit court's finding. Therefore, the impropriety of the circuit court’s finding that this claim was. insufficiently pleaded is not before this Court for review'. Moreover, it is abundantly clear from the hearing that Eller failed to prove this claim and, with limited exceptions not applicable here, the general rule is that this Court may affirm a circuit court’s judgment if it is correct for any reason. See Bryant v. State, 181 So.3d 1087 (Ala.Crim.App.2011); Moody v. State, 95 So.3d 827, 849 (Ala.Crim.App. 2011); and McNabb v. State, 991 So.2d 313, 333 (Ala.Crim.App.2007), and the cases cited therein.

. Indeed, the circuit court noted in its order:
“During the evidentiary hearing, it became the Court’s opinion that [Eller’s] answers were self-serving, unpersuasive, and not credible. If the answer did not benefit him, [Eller] would say he did not remember. But if the answer did benefit him, [Eller] seemed to be able to remember those answers.”
(C. 74.)