MURDOCK, Justice.
I. Procedural History
In February 2009, Christopher Eric Dalton pleaded guilty to two counts of attempted murder, one count of breaking and entering an automobile, and one count of misdemeanor theft. Dalton was sentenced to 2 terms of 30 years’ imprisonment for his attempted-murder convictions, a 5-year prison sentence for his unlawful-breaking-and-entering conviction, and a 1-year prison sentence for his theft-of-property conviction. The sentences were to run concurrently.
In November 2009, Dalton filed his first Rule 32, Ala. R.Crim. P., petition. Dalton alleged that his counsel was constitutionally ineffective because he erroneously told Dalton that, on the 30-year sentence for attempted murder, he would be eligible for parole in 6 years. Dalton also filed with his Rule 32 petition a request to proceed in forma pauperis. After the State responded, the circuit court in December 2009 summarily dismissed Dalton’s Rule 32 petition.[1] Dalton appealed. In June 2010, the Court of Criminal Appeals dismissed the appeal on the ground that the December 2009 order was void because the circuit court had not ruled on Dalton’s in forma pauperis request. Dalton v. State (No. CR-09-0604, June 9, 2010), 77 So.3d 631 (Ala.Crim.App.2010) (table).
Given the basis for the dismissal of Dalton’s initial appeal, Dalton’s initial Rule 32 petition resumed its pendency in the circuit court. During the renewed pendency of his petition in the circuit court, Dalton filed a second Rule 32 petition. In an order entered in March 2012, the circuit court dismissed the second Rule 32 petition as untimely. Dalton then appealed for the second time.
On this second appeal, the Court of Criminal Appeals found that the circuit court had failed to address Dalton’s first petition and accompanying in forma pau-peris declaration before dismissing his second petition as untimely. The Court of Criminal Appeals therefore remanded the case with instructions that the circuit court was to address Dalton’s first petition and accompanying in forma pauperis declara *175 tion and also to determine whether the second petition was an amendment to the first or was instead a separate, second petition.
On remand from this second appeal, the circuit court granted Dalton in forma pau-peris status, treated the second petition as an amendment to the original petition, and summarily dismissed the petition by order dated October 26, 2012. The circuit court considered an affidavit from Dalton’s trial counsel and the void December 2009 order, the latter of which it found “highly persuasive.” The circuit court found that counsel had not promised Dalton parole.
On return to remand from the October 26, 2012, order, the Court of Criminal Appeals held that, under Ex parte Coleman, 71 So.3d 627 (Ala.2010), Dalton had sufficiently pleaded his ineffective-assistance-of-counsel claim. The Court of Criminal Appeals again remanded the case, ordering the circuit court to address Dalton’s allegations and to make appropriate findings of fact. In response to this second remand order, the circuit court considered affidavits from Dalton, Dalton’s trial counsel, and Dalton’s parents, as well as the October 2012 order and the exhibits thereto (which included the December 2009 order). In an order dated July 12, 2013, the circuit court denied Dalton’s Rule 32 petition, again finding that counsel had not promised Dalton parole.
On the return to the second remand'(the return to remand from the circuit court’s July 2013 order), the Court of Criminal Appeals affirmed the denial of Dalton’s petition, by an unpublished memorandum. Dalton v. State (No. CR-11-1218, Sept. 20, 2013), 168 So.3d 170 (Ala.Crim.App.2013) (table). The Court of Criminal Appeals determined that the circuit court did not misconstrue the nature of Dalton’s claim regarding the promise of, parole and that the circuit court did not err in finding that Dalton’s counsel had not promised parole to Dalton. Dalton filed a petition for writ of certiorari to this Court, which we granted.
II. Facts
Dalton’s Rule 32 petition, as amended, claimed that his trial counsel was ineffective because, Dalton says, counsel misinformed him about his eligibility for parole.[2] Dalton alleged that his counsel represented or advised him that he would be eligible for parole after he had served approximately 6 years and that the Alabama Department of Corrections later told him that no prisoner serving time for attempted murder is eligible for parole until he or she has served 15 years or 85% of the sentence. Dalton attached to his amended Rule 32 petition affidavits from himself and from his mother and father.
Dalton’s affidavit stated that his counsel had conveyed a plea offer of the sentences described above (the longest sentence to be 30 years, and all the sentences to be served concurrently). Dalton’s affidavit stated, in pertinent part:
“We [Dalton and his father and mother] all talked about the offer and I asked my attorney how long before I would be released on parole. He told me that if I *176 kept out of trouble I should be out in six years.
“On February 20, 2009,1 went back to court and accepted the offer previously made by the State.... After I pleaded guilty the court sentenced me to the plea offer we had agreed upon.
“... I [was later advised by the Alabama Department of Corrections] that persons convicted of attempted murder must serve at least 85% or 15 years of their sentence before being considered for parole.
“I do not believe my attorney intentionally mislead [sic] me to get me to plead guilty, but I think he was misinformed or was unaware of the new parole regulations concerning certain violent offenders. Regardless, my sole reason for pleading guilty was that I believed I would be released in six years as my attorney said. My decision to enter the guilty plea was made upon my attorney’s representation of parole in 6-years, if I would have known I would not be out on parole in six years, I would not have pleaded guilty, I would have insisted on going to trial.”
(Emphasis added.)
The affidavit from Dalton’s mother stated, in pertinent part:
“Mr. [Jeremy] Armstrong [Dalton’s trial counsel] told Christopher that this [statement that there were no serious injuries from the shooting] would help with his parole hearing. Mr. Armstrong then informed Christopher about his agreement that he could be eligible for parole in as early as six years because of his health problems.”[3]
(Emphasis added.)
The affidavit from Dalton’s father stated, in pertinent part:
“Mr. Armstrong told Christopher that this [statement that there were no serious injuries from the shooting] would help with his parole hearing. Mr. Armstrong then informed Christopher about his agreement that he could be eligible for parole in as early as six years.”
(Emphasis added.)
The State’s response to the amended petition included as attachments (1) a copy of the December 18, 2009, circuit court order denying Dalton’s initial petition,[4] (2) an affidavit of Dalton’s trial counsel, and (3) a copy of the “Defendant’s Statement of Satisfaction of Services Rendered by Retained Attorney.”[5] The affidavit from Dalton’s trial counsel referred to “promises” and stated, in pertinent part:
“I represented Christopher Eric Dalton in the above-styled cases and did not promise him either parole, probation or a lesser sentence in order to induce him to plead guilty in each case. I never told him that probation or parole would be granted and never offered or promised him anything in order to induce him to plead guilty.”
(Emphasis added.)
The December 18, 2009, order stated, in pertinent part:
*177 “First [Dalton] complains that his counsel rendered ineffective assistance by offering improper inducement for the guilty plea. The true nature of this claim is that the plea was rendered involuntary because his attorney allegedly promised him parole in six years....
[[Image here]]
“The court finds that trial counsel did not promise parole to [Dalton] and that the plea was entered voluntarily with full disclosure of the appropriate range of punishment and the direct consequences of the plea.”
(Emphasis added.)
In March 2012, the circuit court (Judge Christopher Hughes) dismissed Dalton’s amended Rule 32 petition. The court’s order provided, in pertinent part:
“[Dalton] alleges that he received ineffective assistance of counsel, and thus his guilty pleas ... were not voluntary. [Dalton] alleges that trial counsel represented he would be eligible for parole after serving only six years of his sentence, and relying on this representation, [Dalton] pleaded guilty. According to [Dalton], he will not be eligible for parole until he serves at least fifteen years of his sentence.
“The Court finds that [Dalton’s] claim is precluded under the limitations period of Rule 32.2(c), Ala. R.Crim. P....
“Even if the Rule 32 Petition had been timely filed, the Court finds that the information contained in the case file directly refutes [Dalton’s] allegations. Hon. John V. Denson took [Dalton’s] guilty plea and ruled that [Dalton] knowingly and voluntarily entered the guilty plea with full disclosure of the appropriate range of punishment and direct consequences of the plea. Although Judge Denson’s order (attached hereto as ‘Exhibit 1’) was declared void because of the in forma pauperis issue, this Court finds the order highly persuasive.
“[Dalton’s] trial counsel, Jeremy Armstrong, submitted an affidavit (attached hereto as ‘Exhibit 2’) indicating that he never promised [Dalton] parole or told [Dalton] parole would be granted. Moreover, in Court’s Exhibit B (attached hereto as ‘Exhibit 3’) [Dalton] was asked whether anyone promised him anything in order to induce him to plead guilty. [Dalton] responded in the negative. The Court finds that even according to [Dalton’s] version of events, trial counsel did not promise that he would be granted parole after six years. The Court finds that [Dalton] entered the guilty plea knowingly and voluntarily with full disclosure of the appropriate range of punishment and consequences of the plea.”
(Emphasis added.)
The circuit court’s October 26, 2012, order, entered on remand from the Court of Criminal Appeals, stated, in pertinent part:
“The information contained in the case file directly refutes [Dalton’s] allegations. Hon. John V. Denson took [Dalton’s] guilty plea and ruled that [Dalton] knowingly and voluntarily entered the guilty plea with full disclosure of the appropriate range of punishment and direct consequences of the plea. Although Judge Denson’s order (Exhibit ‘A’ hereto) was declared void because of the In Forma Pauperis issue, this Court finds the order highly persuasive.
“[Dalton’s] trial counsel, Jeremy Armstrong, submitted an affidavit (Exhibit ‘B’ hereto) indicating that he never promised [Dalton] parole or told [Dalton] parole would be granted. Moreover, in Court Exhibit B (Exhibit ‘C’ hereto), [Dalton] was asked whether anyone promised him anything in order to induce him to plead guilty, [and Dal *178 ton] responded in the negative. The Court finds that even according to [Dalton’s] version of events, trial counsel did not promise that he would be granted parole after six years.
“The Court finds that [Dalton] entered the guilty pleas knowingly and voluntarily with full disclosure of the appropriate range of punishment and consequences of the plea.”
(Emphasis added.)
III. Analysis
Dalton asserts an ineffective-assistance-of-counsel claim. Dalton alleged that his counsel misinformed him about his eligibility for parole and that he pleaded guilty based on that erroneous information.[6]
In Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court held that the two-part Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the prejudice prong of the Strickland test requires that “the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill, 474 U.S. at 59.
In the second of its two remands to the circuit court in this matter, the Court of Criminal Appeals relied upon Ex parte Coleman, 71 So.3d 627 (Ala.2010), to hold that Dalton had sufficiently pleaded an ineffective-assistance-of-counsel claim. In Coleman, this Court applied the foregoing principle and held that a Rule 32 petitioner alleging ineffective assistance of counsel had satisfied his pleading burden and was entitled to an evidentiary hearing where he alleged (1) that his counsel had misrepresented his eligibility for parole and work release and (2) that he had relied on that misrepresentation in deciding to plead guilty.
In Stith v. State, 76 So.3d 286 (Ala.Crim.App.2011), the Court of Criminal Appeals held (1) that erroneous advice about eligibility for parole and correctional-incentive-time (“CIT”) credit could give rise to an ineffective-assistance-of-counsel claim, (2) that counsel in Stith had rendered deficient performance by failing to advise the defendant that his sentence was not eligible for parole or CIT credits, and (3) that the availability of CIT credits was a substantial material factor in the defendant’s decision to plead guilty.
In Stith, the defendant rejected a plea offer of a 20-year prison sentence, which would be split, and he would serve 5 years. Instead, he accepted a “straight” sentence of 10 years in prison based on his understanding that, by earning CIT, he would serve less than 5 years. The defendant’s assumption that he would be eligible to earn CIT was incorrect. The Court of Criminal Appeals concluded that Stith’s counsel had rendered ineffective assistance, stating that “[wjhether denominated *179 as an omission or a misrepresentation, counsel failed to advise Stith that if he accepted the plea agreement” he would not be eligible to earn CIT. 76 So.3d at 292.
Similarly, Dalton alleged that his counsel advised him improperly regarding when he would be eligible for parole and that he pleaded guilty based on that erroneous advice. Given the aforesaid holding by the Court of Criminal Appeals in its second order on return to remand regarding the sufficiency of Dalton’s pleadings under Coleman, the issue presented in this case is whether Dalton has proven his allegations.
The circuit court’s October 2012 order, however, did not resolve or even squarely address the factual question at the heart of Dalton’s claim: Whether Dalton’s counsel made a misrepresentation or gave erroneous advice regarding when Dalton would be eligible for parole that induced Dalton to plead guilty. Instead, the circuit court’s October 2012 order, and the void March 2009 order on which it relied, addressed a different question: Whether Dalton’s counsel promised parole. By answering a different question, the circuit court never resolved the factual dispute actually presented.[7]
The December 2009 order entered by now retired Judge Denson appears to have put the case on the wrong foot by misconstruing the “true nature of this claim [to be] that the plea was rendered involuntary because his attorney allegedly promised him parole in six years.” This order then went on to conclude, based on an affidavit of counsel, that “trial counsel did not promise parole to the defendant.”[8]
Significantly, the trial judge who issued the March 2012 and October 2012 orders, Judge Hughes, was not the original trial judge and was not the trial judge who issued the December 2009 order. Yet, and perhaps as a consequence of this fact, Judge Hughes placed significant reliance upon the December 2009 order. As was true of the December 2009 order, the October 2012 order did not address the question of trial counsel’s misrepresentation to Dalton regarding when Dalton would be eligible for parole. Following the lead of the December 2009 order, Judge Hughes, in his October 2012 order, denied Dalton’s claim based on counsel’s affidavit that he did not promise parole.
The Court of Criminal Appeals affirmed Judge Hughes’s order, noting that the circuit court’s “finding ‘that [Dalton’s] trial counsel did not promise parole to [Dalton]’ necessarily includes a finding that Dalton’s trial counsel made no promises that Dalton would be eligible for parole in six years.” (Emphasis added.) This conclusion, however, does not follow. Quite simply, a promise of parole and a representation as to when a defendant will be eligible for parole are two different things.
IV. Conclusion
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and’ remand the case to that court to, in turn, remand it for the circuit court to hold an evidentiary hearing on Dalton’s claim that his trial counsel misrepresented his eligibility for parole. The circuit court should make the factual findings required by Rule 32.9(d), Ala. R.Crim. P. See also Ex parte Grau, 791 So.2d 345 (Ala.2000) *180 (addressing the need for specific findings of fact with respect to ineffective-dssis-tance-of-counsel claims).
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and STUART, PARKER, and BRYAN, JJ., concur. ■
BOLIN, SHAW, MAIN, and WISE, JJ., dissent.

. The State filed its response on December 9, 2009, and attached to the response an affidavit of Dalton’s trial counsel. On December 16, 2009, Dalton filed a motion requesting additional time to reply to the State’s response. Two days later, the circuit court issued its order summarily dismissing Dalton’s petition, without the benefit of the affidavits of Dalton and his parents that are referred to later in this opinion.

. Although Dalton’s claim in his amended petition is phrased as “time to serve before being paroled,” it is clear from his first petition, from the remainder of the second petition, and from the supporting affidavits that the essence of Dalton’s claim is that he was misled about his eligibility for parole. Dalton’s first petition speaks in terms of "eligibility for review,” "misrepresentations,” "counsel informed him,” and "misled.” We do not read Dalton’s claim as asserting that his counsel promised parole or represented that Dalton would actually receive parole, only that he would be eligible for parole. In this regard, we note that Dalton filed his Rule 32 petition pro se.

. The record does not reveal the specific nature of the health problems to which the affidavit refers.

; The December 2009 order was issued by Judge John V. Denson II, who later retired from the bench. The subsequent orders were issued by Judge Christopher Hughes.

. We give little or no weight to the Statement of Satisfaction because it was signed before Dalton learned that he would not be eligible for parole in six years and because, it disclaims only "promises” and "inducements” but does not disclaim misrepresentations of facts or legal principles or what might later prove to be incorrect advice by counsel.

. The State contends (1) that Dalton’s counsel "had no affirmative duty to advise him about his eligibility for parole and there is no evidence to show that trial counsel misrepresented [Dalton’s] eligibility for parole”; and. (2) that "[p]aróle eligibility is generally considered a collateral consequence of a guilty plea of which the defendant does not have to be informed.” As to the latter contention,' the State cites only McCary v. State, 93 So.3d 1002, 1006 (Ala.Crim.App.2011), a case involving a trial court's duty to inform, not counsel's duty to advise. In any event, the question whether there is an affirmative duty to advise a defendant as to his or her eligibility for parole is not before us in this case. Dalton claims that he specifically inquired about eligibility for parole and that he was misinformed by counsel.

. The July 2013 order denying Dalton’s petition referred to the findings of the October 2012 order and reiterated the conclusions set forth in that order.

. The December 2009 order was issued only a few days after the State filed its response to which was attached the affidavit of counsel and before Dalton had a reasonable opportunity to respond with his own affidavits. See supra note 1.