On Remand from the Alabama Supreme Court
JOINER, Judge.
Christopher Eric Dalton filed a Rule 32, Ala. R.Crim. P., petition in the Lee Circuit Court in November 2009. The peti *181 tion challenged his February 2009 guilty-plea convictions for two counts of attempted murder, one count of breaking and entering an automobile, and one count of misdemeanor theft. In the petition Dalton alleged that his trial counsel had been ineffective because, he said, counsel had erroneously told Dalton he would be eligible for parole in six years.
The State filed an answer to Dalton’s petition on December 9, 2009.. Attached to the petition was an affidavit from Dalton’s trial counsel in which counsel asserted that he “did not promise [Dalton] either parole, probation or a lesser sentence in order to induce to plead guilty”- and further that he “never told [Dalton] that probation or parole would be granted.” On December 16, 2009, Dalton requested additional time to reply to the State’s response; on December 18, 2009, the circuit court summarily dismissed thé petition, Dalton appealed to this Court.
Because the filing fee for Dalton’s petition in the circuit court had not been paid or waived by the granting of a request to proceed in forma pauperis, this Court dismissed Dalton’s appeal. Dalton v. State (No. CR-09-0604, June 9, 2010), 77 So.3d 631 (Ala.Crim.App.2010) (table). See Ex parte McWilliams, 812 So.2d 318, 322 (Ala. 2001).
In May 2011, while the February 2009 petition was still pending following this Court’s decision dismissing Dalton’s appeal, Dalton filed a second Rule 32 petition. In ' March 2012, the circuit court summarily dismissed the second petition as time-barred under Rule 32.2(c), Ala. R.Crim. P. Dalton appealed.
By order, this Court remanded the matter to the circuit court because the circuit court had failed to address Dalton’s first petition before dismissing the second petition. We instructed the circuit court to address the first petition and the accompanying in forma pauperis declaration and determine whether the second petition was an amendment to the first or was a separate petition. ....
On remand, the circuit court granted Dalton’s request to proceed in forma pau-peris and treated the second petition as an amendment to the first. The circuit court, on October 26, 2012, denied the petition. In doing so, the circuit court relied on its December 2009 order and the December 2009 affidavit from Dalton’s trial counsel.
On return to remand, this Court held that Dalton had sufficiently pleaded his claim alleging .ineffective assistance of counsel. On the authority of Yeomans v. State, 196 So.3d 1018, 1054 (Ala.Crim.App.2013), we held that the circuit court’s reliance on, the affidavit from Dalton’s trial counsel to deny the petition was improper because the circuit court had not given Dalton notice “that it intended to take evidence by affidavit in lieu of an eviden-tiary hearing,” nor had the circuit court given Dalton “an opportunity to offer evidence to counter the affidavit the State offered.” Accordingly, we remanded the case to the circuit court, by order, for that court to “ ‘comply with Rule 32.9(a), Ala. R.Crim. P., and either hold- an evidentiary hearing on the [ineffeetive-assistance-of-counsel claim] or, after giving notice to the parties of its intention to do so, take evidence by one of the alterative means listed in Rule. 32.9(a).’ ” (Quoting Yeomans, 195 So.3d at 1054.)
On second remand, the circuit court considered affidavits from Dalton, Dalton’s trial counsel, and Dalton’s parents; the circuit court also considered the October 2012 order .and the .exhibits attached thereto. On July 12, 2013, ■ the circuit court denied Dalton’s petition, “again finding that counsel had not promised Dalton pa *182 role.” Ex parte Dalton, 226 So.3d 173 (Ala.2015).
In an unpublished memorandum, we affirmed the July 2013 denial of Dalton’s petition. Dalton v. State (No. CR-11-1218, Sept. 20, 2013), 168 So.3d 170 (Ala.Crim.App.2013) (table). We rejected Dalton’s argument that the circuit court had misconstrued his claim.[1]
The Alabama Supreme Court, in Ex parte Dalton, held that this Court, as well as the circuit court, had in fact misconstrued Dalton’s claim. The Court stated:
“The circuit court’s October 2012 order, [which the circuit court cited and relied on in its July 2013 order,] ... did not resolve or even squarely address the factual question at the heart of Dalton’s claim: Whether Dalton’s counsel made a misrepresentation or gave erroneous advice regarding when Dalton would be eligible for parole that induced Dalton to plead guilty. Instead, the circuit court’s October 2012 order, and the void March 2009 order on which it relied, addressed a different question: Whether Dalton’s counsel promised parole. By answering a different question, the circuit court never resolved the factual dispute actually presented.
[[Image here]]
“The Court of Criminal Appeals affirmed ... noting that the circuit court’s ‘finding “that [Dalton’s] trial counsel did not promise parole to [Dalton]” necessarily includes a finding that Dalton’s trial counsel made no promises that Dalton would be eligible for parole in six years.’ (Emphasis added.) This conclusion, however, does not follow. Quite simply, a promise of parole and a representation as to when a defendant will be eligible for parole are two different things.”
Ex parte Dalton, 226 So.3d at 179.
In accordance with the opinion of the Alabama Supreme Court in Ex parte Dalton, we remand this case to the circuit court for that court “to hold an evidentiary hearing on Dalton’s claim that his trial counsel misrepresented his eligibility for parole.” 226 So.3d at 179 (emphasis added). As stated by the Alabama Supreme Court, following that hearing “[t]he circuit court should make the factual findings required by Rule 32.9(d), Ala. R.Crim. P. See also Ex parte Grau, 791 So.2d 345 (Ala. 2000).” Ex parte Dalton, 226 So.3d at 179. Those findings should “resolve [and] squarely address the factual question at the heart of Dalton’s claim: Whether Dalton’s counsel made a misrepresentation or gave erroneous advice regarding when Dalton would be eligible for parole that induced Dalton to plead guilty.” 226 So.3d at 179.
The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to this Court within 90 days of the date of this opinion. The return to remand shall include the circuit court’s written findings of fact and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. Specifically, Dalton had argued in his brief: "The claim presented is not, as the circuit court held, whether a promise of parole was made, but whether the misrepresentation of parole eligibility resulted in an involuntary and unintelligible pleas of guilty.”

 Note from the reporter of decisions: On October 14, 2016, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 16, 2016, that court denied rehearing, without opinion.